UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| PRESTON BYRON KNAPP;<br>MICHELLE NICHOLE KNAPP.<br><br>*Plaintiffs,*<br><br>vs.<br><br>COMPASS MINNESOTA, LLC;<br>DANIEL PHILIP HOLLERMAN.<br><br>*Defendants.* | Cause No: 24-cv-100 SRN/JFD |

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY DEMAND**

COME NOW, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, plaintiffs, by and through, Preston Byron Knapp, Pro Se, and Michelle Nichole Knapp, Pro Se, allege and state as follows:

**I.     Introduction**

1. The plaintiffs cause of action is brought before the Honorable Court for actual, statutory, and punitive damages, against Defendants COMPASS MINNESOTA, LLC, and DANIEL PHILIP HOLLERMAN (hereafter, collectively "Defendants"), for breach of fiduciary duties due to not following directions in 12 U.S.C. § 412, *et al*.

**II.     JURISDICTION AND VENUE**

2. The jurisdiction of this court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 12 U.S.C. § 412. The venue in this district is proper in that the Defendants conduct business in Hennepin County, Minnesota, and the allegations for damages occurred in Hennepin County, Minnesota.

**III.     PARTIES**

3. Plaintiffs are persons residing in Hennepin County, Minnesota.



1

4. Plaintiffs resided in Hennepin County, Minnesota, at all times relevant and all actions related to Plaintiffs stated herein took place in and around Hennepin County, Minnesota.

5. Defendant COMPASS MINESSOTA, LLC (hereafter, "COMPASS") is a Foreign Limited Liability Company as listed by the Minnesota Secretary of State. Defendant's registered agent is CT Corporation Systems Inc. with a registered office address at 1010 Dale St N, Saint Paul, MN 55117-5603. Defendant's Principal Executive Office Address is 90 Fifth Avenue, 3rd floor, New York, NY 10011. Defendant conducts business in the State of Minnesota.

6. Defendant DANIEL PHILIP HOLLERMAN (hereafter, "HOLLERMAN") is a real estate broker for Compass Minnesota, LLC. HOLLERMAN conducts real estate transactions in the State of Minnesota. HOLLERMAN is licensed through the Minnesota Commerce Department with a license number 20328018 which is not set to expire until June 30, 2025. HOLLERMAN's business address as listed by the Minnesota Commerce Department is 202 Superior Blvd., Wayzata, Minnesota 55435.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Defendants' agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## IV. GENERAL FACTUAL ALLEGATIONS

9. Plaintiffs and defendants entered into a contract for the sale and purchase of real property.

10. During the process, plaintiffs hired attorney-in-fact, Brandon Joe Williams, to review documents.

11. During review, Brandon Joe Williams noticed that some of the instruments were collateral securities.

12. Those collateral securities are exchangeable with the Federal Reserve pursuant to 12 U.S.C. §

2

412.

13. Brandon Joe Williams rescinded the original blank negotiation unknowingly done by plaintiffs.

14. Brandon Joe Williams replaced the previously blank indorsements with special/restrictive indorsements via a Limited Power of Attorney.

15. Brandon Joe Williams informed other indorsing parties that they have the option to claim the collateral securities that were indorsed by them.

16. No interest in claiming those collateral securities was expressed by any party besides plaintiffs.

17. Brandon Joe Williams gave orders to have those collateral securities exchanged for Federal Reserve Notes and to have those notes placed in escrow.

18. A promissory note requires that it be an unconditional promise to pay, written, and signed.

19. A promissory note is a negotiable instrument.

20. Notes are accepted as collateral securities in accordance with 12 U.S.C. § 412.

21. Document entitled "BUYER REPRESENTATION CONTRACT: EXCLUSIVE" is an unconditional promise to pay.

22. Document entitled "BUYER REPRESENTATION CONTRACT: EXCLUSIVE" is written.

23. Document entitled "BUYER REPRESENTATION CONTRACT: EXCLUSIVE" was signed.

24. Document entitled "BUYER REPRESENTATION CONTRACT: EXCLUSIVE" is dated 8/29/23.

25. Document entitled "PURCHASE AGREEMENT: VACANT LAND (RESIDENTIAL)" is an unconditional promise to pay.

26. Document entitled "PURCHASE AGREEMENT: VACANT LAND (RESIDENTIAL)" is written.

27. Document entitled "PURCHASE AGREEMENT: VACANT LAND (RESIDENTIAL)" was signed.

28. Document entitled "PURCHASE AGREEMENT: VACANT LAND (RESIDENTIAL)" is dated December 1st, 2023.

29. Document entitled: "LISTING CONTRACT: EXCLUSIVE RIGHT TO SELL" is an unconditional promise to pay.

30. Document entitled: "LISTING CONTRACT: EXCLUSIVE RIGHT TO SELL" is written.

31. Document entitled: "LISTING CONTRACT: EXCLUSIVE RIGHT TO SELL" was signed.

32. Document entitled: "LISTING CONTRACT: EXCLUSIVE RIGHT TO SELL" is dated 9/15/23.

33. Document entitled "PURCHASE AGREEMENT" (1) is an unconditional promise to pay.

34. Document entitled "PURCHASE AGREEMENT" (1) is written.

35. Document entitled "PURCHASE AGREEMENT" (1) is signed.

36. Document entitled "PURCHASE AGREEMENT" (1) is dated 8/29/23.

37. Document entitled "DISCLOSURE STATEMENT: COMPENSATION DISCLOSURE TO BUYER/TENANT" is an unconditional promise to pay.

38. Document entitled "DISCLOSURE STATEMENT: COMPENSATION DISCLOSURE TO BUYER/TENANT" is written.

39. Document entitled "DISCLOSURE STATEMENT: COMPENSATION DISCLOSURE TO BUYER/TENANT" was signed.

40. Document entitled "PURCHASE AGREEMENT" (2) is an unconditional promise to pay.

41. Document entitled "PURCHASE AGREEMENT" (2) is written.

42. Document entitled "PURCHASE AGREEMENT" (2) is signed.

43. Document entitled "PURCHASE AGREEMENT" (2) is dated 10/8/23.

44. Document entitled "ADDENDUM TO PURCHASE AGREEMENT: COUNTEROFFER" is an unconditional promise to pay.

45. Document entitled "ADDENDUM TO PURCHASE AGREEMENT: COUNTEROFFER" is

written.

46. Document entitled "ADDENDUM TO PURCHASE AGREEMENT: COUNTEROFFER" was signed.

47. Document entitled "ADDENDUM TO PURCHASE AGREEMENT: COUNTEROFFER" is dated 10/10/23.

48. A bill of exchange is an unconditional order to pay.

49. A bill of exchange is a negotiable instrument.

50. Bills of exchange are collateral securities pursuant to 12 U.S.C. § 412.

51. Document entitled: "NorthstarMLS Listing Change Form and Contract Amendment" is an unconditional order to pay.

52. Document entitled: "NorthstarMLS Listing Change Form and Contract Amendment" is written.

53. Document entitled: "NorthstarMLS Listing Change Form and Contract Amendment" was signed.

54. Document entitled: "NorthstarMLS Listing Change Form and Contract Amendment" was signed on 10/5/23.

55. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" was drafted by "Best & Flanagan LLP".

56. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" is dated on or about November 17th, 2023.

57. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" is an unconditional order to pay.

58. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" is written.

59. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" was signed.

60. Document entitled "NOTICE OF CANCELLATION OF RESIDENTIAL PROPERTY" literally says right on it that it is an instrument.

### V.     COUNT ONE – BREACH OF CONTRACT:

61. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-60.

62. Defendant HOLLERMAN was informed by attorney-in-fact Brandon Joe Williams that there were collateral securities involved in this transaction.

63. Exchanged Federal Reserve Notes were ordered to be placed in escrow for disbursement.

64. Defendant HOLLERMAN received the above orders.

65. Defendant HOLLERMAN reviewed the above orders with lawyers via defendant COMPASS.

66. Defendant HOLLERMAN ignored orders to have collateral securities exchanged for Federal Reserve Notes.

67. Lawyers at COMPASS decided these orders are to be ignored.

68. Due to this breach of contract, plaintiffs were not able to complete the purchase of the requested home.

69. This damaged plaintiff materially via defendant HOLLERMAN harassing and attacking plaintiff MICHELLE NICHOLE KNAPP via telephone.

70. This damaged plaintiff materially via defendant HOLLERMAN harassing and attacking plaintiff PRESTON BYRON KNAPP via telephone.

71. This damaged plaintiffs materially via plaintiffs not being able to acquire new home and all prior efforts to acquire new home being lost.

### VI.     COUNT TWO – BREACH OF FIDUCIARY DUTIES:

72. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-71.

73. HOLLERMAN received proper Limited Power of Attorney outlining fiduciary duties of Brandon Joe Williams.

74. HOLLERMAN and COMPASS had a fiduciary duty to complete orders sent by attorney-in-fact Brandon Joe Williams.

75. Defendants openly defied and denied completing those orders.

76. Failure of completion of those orders caused the deal to entirely derail.

77. This damaged plaintiffs by emotionally breaking trust and causing anxiety and depression.

78. This damaged plaintiffs by not allowing them to purchase their new home.

### VII.   COUNT THREE – 12 U.S.C. § 504 (CIVIL MONEY PENALTY – FEDERAL RESERVE ACT):

79. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-78.

80. This Civil Money Penalty is collected and deposited into the Treasury, so plaintiffs intend to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller, Minnesota Dept of Commerce as well as the Treasury for inspection and collection. PLAINTIFFS ARE WILLING TO FOREGO THIS STEP IF DEFENDANTS ARE WILLING TO QUICKLY AND RAPIDLY ASSIST US IN OUR PRIOR ORDERS FOR THE EXCHANGE OF COLLATERAL SECURITIES **(DEFENDANTS CAN SIMPLY PLACE "N/A" ON THIS LINE ITEM FOR ANSWER).**

### VIII.   COUNT FOUR – 18 U.S.C § 1956 (LAUNDERING OF MONETARY INSTRUMENTS):

81. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-80.

82. Plaintiffs became the persons entitled to enforce these instruments once negotiation was rescinded and clarified.

83. Illegal possession and transfer of above negotiable instruments are retained currently with defendant HOLLERMAN and defendant COMPASS.

### IX.     COUNT FIVE – 18 U.S.C. § 2314 (TRANSPORTATION OF STOLEN SECURITIES):

84. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-83.

85. Unknown negotiation via a blank indorsement allowed COMPASS to take possession of the collateral securities.

86. This transportation should have been done under special negotiation and should have been temporary until the application for notes via 12 U.S.C. § 412 was completed at the Federal Reserve Window.

### X.     COUNT SIX – 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRAUD):

87. Plaintiffs reallege and restate the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-86.

88. Plaintiffs were never informed as to these instruments being negotiable.

89. Plaintiffs were never informed of various optional indorsements in accordance with UCC Article 3.

90. Brandon Joe Williams has clarified and ordered all current and future negotiation while rescinding all previous blank negotiation under fraud.

91. Fraud is due to lack of complete failure to disclose the terms and options of signing/indorsing above collateral securities.

92. This damaged plaintiffs materially due to valuable instruments being purloined and not available for plaintiffs.

93. Due to plaintiffs' signature being the birth of value for all the above negotiable instruments, plaintiffs are the secured parties for all transactions in this deal.

## XI.   SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiffs respectfully request this Honorable Court to issue an Order for the award of monetary damages against the Defendants, namely HOLLERMAN and COMPASS. The Plaintiffs further seek any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

THE PLAINTIFFS, WHILE ASSERTING CLAIMS FOR DAMAGES, REMAIN COMMITTED TO FACILITATING THE RESOLUTION OF THIS MATTER EXPEDITIOUSLY. The Plaintiffs expresses a fervent interest in achieving an amicable resolution that is mutually beneficial. It is the sincere intention of the Plaintiffs to conclude the matter with the disbursement of all due commissions. In pursuit of an outcome wherein all parties involved emerge victorious, the Plaintiffs acknowledge the damages sustained and asserts their entitlement to compensation. Simultaneously, the Plaintiffs recognize the value of the work performed by the Defendants and acknowledge the need for equitable remuneration for their contributions.

THE PLAINTIFFS ENTER THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT, VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANTS TOWARDS A FAIR AND EQUITABLE CONCLUSION.

Dated:  January 8th, 2024                                                       RESPECTFULLY SUBMITTED,

BY:   /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682