**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Preston Byron Knapp and Michelle Nichole Knapp,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Minnesota, LLC and Daniel Phillip Hollerman.<br><br>Defendants. | Case No. 0:24-cv-00100-SRN-DTS<br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendants Daniel Philip Hollerman ("Hollerman") and Compass Minnesota, LLC ("Compass") (collectively, "Defendants") hereby move the Court for dismissal of Plaintiffs' Preston Byron Knapp and Michelle Nichole Knapp (collectively, the "Knapps") Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Fed. R. Civ. P. 12(b)(4–5) for insufficient process and insufficient service of process. The Knapps' Complaint is frivolous, nonsensical, and legally meritless, and primarily attempts to assert private rights of action under statutes that do not provide such a right.

Furthermore, the Knapps' failed to serve Defendants pursuant to Fed. R. Civ. P. Rule 4. The Knapps, rather than serving Defendants personally as required by the rules, attempted to serve Defendants by certified mail.The Knapps have not

asked Defendants to waive service, and thus service via mail was ineffective.

The Complaint is a veiled attempt to avoid paying Hollerman commissions based on the parties' valid, binding contracts and was brought solely to harass Defendants. The Complaint against Defendants must be dismissed with prejudice.

## FACTUAL ALLEGATIONS

Defendants generally deny the allegations set forth in the Complaint. However, and for the purposes of this Motion to Dismiss, the following allegations of the Complaint are presumed true:

1. Hollerman is a real estate broker for Compass and is licensed in the State of Minnesota to sell real estate. (*See* Compl. at ¶ 6.)

2. The Knapps engaged Hollerman to both sell their current home and purchase another. (*See id.* at ¶ 9.)

3. During this process, the Knapps hired Brandon Joe Williams to act as their attorney-in-fact. (*See id.* at ¶ 10.)

4. The Knapps executed various contracts related to the sale of their property and purchase of another. (*See id.* at ¶ 9.)

The Knapps assert, without any additional facts, that the contracts and related documentation for the sale of their property and purchase of another ("Contracts and Documents") are collateral securities that may be exchanged with the Federal Reserve for Federal Reserve Notes. (*See id.* at ¶¶ 11–12, 17, 21–60.)

The bulk of the Knapps' allegations and demands relate to the Contracts and Documents. Essentially, the Knapps believe the Contracts and Documents are

2

securities. The Knapps also assert Hollerman is liable for not heeding their demands related to their belief that Contracts and Documents are securities.

Although they are not specifically attached as exhibits to the Complaint, the Contracts and Documents are necessarily embraced by and specifically referenced in the Complaint. (Contracts, Declaration of Robert J. Kouba in Support of Motion to Dismiss ("Kouba Decl.") at ¶¶ 3–6, Ex. A–D.)

The Knapps assert they served Defendants by "USPS Certified Mail with Signature Required" on January 22, 2024 and January 25, 2024. (*See* ECF No. 9) However, the certified mail card was not signed for Defendant Hollerman. (*Id.*)

Preston Knapp has also attempted to commence a separate federal lawsuit against Wings Financial Credit Union that appears to involve the Knapps' property they engaged Hollerman and Compass to sell, asserting the same claims the Knapps assert here, in addition to others. *See Knapp v. Wings Credit Union*, No. 0:24-CV-00434, DWF/ECW (D. Minn. filed Feb. 12, 2024)[1].

## ARGUMENT

**I.      Standard for Rule 12(b)(6) Motion to Dismiss.**

The Complaint fails to articulate a cognizable claim for relief against either Hollerman or Compass. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must establish sufficient facts that state a claim for relief that is plausible on its fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine

---

[1] Mr. Knapp also filed a similar case against Wings Financial Credit Union on October 18, 2023, but voluntarily dismissed it February 7, 2024. See Knapp v. Wings Financial Credit Union, No. 0:23-CV-03219, SRN/TNL (D. Minn. filed Oct. 18, 2023).

3

if a claim is sufficient, the Court accepts and treats all the factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Paisley Park Enterprises, Inc. v. Boxill*, 361 F. Supp. 3d 869, 880 (D. Minn. 2019) (citing *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)). However, the Court must disregard legal conclusions couched as fact, and merely reciting the elements of a cause of action is insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, while the factual allegations need not be detailed, they must demonstrate a "right to relief above the speculative level" and "state a claim to relief that is plausible on its fact." *Id.* at 555, 570.

The Complaint does not state a claim of action against Defendants. Here, the Complaint merely asserts claims on the unfounded legal conclusions that: (1) the contracts in question are securities; (2) Hollerman and Compass are banks within the meaning of Title 12; (3) Defendants breached unidentified contracts and fiduciary duties by refusing to follow the "orders" of Williams; and (4) the Knapps can act as prosecutors to enforce the criminal code—all of which are wrong on the law.

II.     **Defendants were Not Properly Served**

The Knapps' attempt to serve Defendants via certified mail is insufficient. Under Fed. R. Civ. P. Rule 4, an individual is served by "following state law for serving a summons…delivering a copy of the summons and of the complaint to the individual personally; [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides

4

there." Fed. R. Civ. P. 4(e). Under Minnesota State law, personal service is completed upon an individual "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of a abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a) If a defendant is not served pursuant to the rules, the Court will not hear the case. *See Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir.1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

The Knapps did not personally serve Defendants. Instead, the Knapps claim they served Defendants by certified mail. However, neither the federal rule nor the Minnesota's state rule allows for service by mail. *Compare* Fed. R. Civ. P. 5(b)(2)(C) (specifying that service of documents other than pleadings may be done by "mailing it to the person's las known address"); Minn. R. Civ. P. 4.04(c)(2)(C)(ii) (allowing service of an individual outside of the United States by "any form of mail requiring a signed receipt") Here, the Knapps chose not to personally serve Defendants with a copy of the summons and complaint—instead choosing to attempt service via certified mail. As such, service upon Defendants has not been perfected, and the Knapps' Complaint must be dismissed.

**III.** **Counts 1 and 2 Must Be Dismissed Because the Contracts and Documents Are Not "Securities", Defendants Are Not "Reserve Banks," and the Federal Reserve Act Does Not Provide a Private Right of Action.**

The Knapps assert that the Contracts and Documents referenced in the Complaint are "collateral securities," and as securities, someone or something

5

requires Defendants to exchange them with the Federal Reserve. (*See* Compl. at ¶¶ 9–12.) These so-called "collateral securities," and the fact that Defendants failed to exchange them with the Federal Reserve, appear to form the basis for the Knapps' Count 1 claim for breach of contract and Count 2 claim for breach of fiduciary duty. The Knapps attempt to rely on 12 U.S.C. § 412 to support their claims that the Contracts and Documents are collateral securities. (Compl. at ¶ 12.) The Knapps' reliance on section 412 is unavailing for at least three reasons: (1) the Contracts and Documents are *not* "collateral securities"; (2) Defendants are not "reserve banks" as defined by the Federal Reserve Act; and (3) section 412 does not provide a private right of action.

### A. The Contracts and Documents Are Not "Collateral Securities."

The Knapps appear to assert that the Contracts and Documents are "negotiable instruments" and therefore qualify as "collateral securities" under the Federal Reserve Act because they are written and signed "unconditional promises to pay." (Compl. ¶¶ 18-47.) However, the Contracts and Documents described in the Complaint are *not* negotiable instruments or collateral securities.

A negotiable instrument is defined by the Uniform Commercial Code as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time…" Minn. Stat. § 336.3-104.

The Contracts and Documents are clearly not "unconditional promises to

6

pay." Under the UCC, "[A] promise or order is unconditional unless it states (i) an express condition to payment." Minn. Stat. § 336.3-106(a). The Contracts and Documents contain numerous express conditions to payment, including mortgage financing contingencies, inspection contingencies, contingencies for the sale of the buyer's property, conditions requiring the successful closing of the sale(s), and other various conditions.

Even if the Contracts and Documents were negotiable instruments, which they are not, they still are not "collateral securities" subject to exchange for Federal Reserve Notes pursuant to 12 U.S.C. § 412. Section 412 provides that Federal Reserve banks may apply for notes in exchange for "collateral security" in the form of "notes, drafts, bills of exchange, or acceptances *acquired under section 10A, 10B, 13, or 13A of this Act [12 USCS §§ 92, 342–48, 349–352, 361, 372, or 373]…*" 12 U.S.C. § 412 (emphasis added).

The Contracts and Documents are not "notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A" of the Act. Those Sections of the Act specifically refer to the receipt of money, notes, checks, and drafts *by Federal Reserve banks, national banking associations, and depository institutions*. None of the individuals or entities involved are Federal Reserve banks, nor are they national banking associations or depository institutions.

Federal courts have rejected similar claims on numerous occasions. *See, e.g., Harp v. Police*, No. CV 23-2577, 2023 WL 5152625 (E.D. Penn. Aug. 10, 2023) (rejecting plaintiff's claims based on attempt to pass off fictitious "bill of exchange"

consisting of handwritten note containing "an array of financial buzzwords" as a valid legal tender for her credit card debt and noting "other courts nationwide have rejected such 'frivolous' attempts to satisfy a debt through a fictitious 'bill of exchange.'"). *See also Hennis v. Trustmark Bank*, No. CIV.A.210CV20KSMTP, 2010 WL 1904860, *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

The Contracts and Documents are not collateral securities, promissory notes, negotiable instruments, or indeed *any* kind of valid financial instrument.

### B. **Defendants Are Not "Reserve Banks."**

Furthermore, the Knapps' claims fail because Hollerman and Compass are not "reserve banks" within the meaning of Title 12. Title 12 defines a reserve bank as a "Federal reserve bank." 12 U.S.C. § 221. Within section 412, the statute explicitly states it applies to reserve banks, and contains no reference or language to individuals or private citizens. *See* 12 U.S.C. § 412. The Knapps have failed to provide any facts to support an assertion that Defendants are banks within the meaning of Title 12. Likewise, they have failed to plead any facts that support their conclusory assertions that section 412 applies to Defendants beyond their erroneous claims that the Contracts and Documents are securities, and that section 412 applies. (*See* Compl. at ¶¶ 2, 12.).

8

### C. **The Federal Reserve Act Does Not Provide a Private Right of Action.**

Finally, the Knapps' claims fail because they have no private right of action to enforce the provisions of the Federal Reserve Act. 12 U.S.C. § 412 establishes the process for federal reserve banks to apply for and exchange federal reserve notes. *See* 12 U.S.C. § 412. The language of the statute itself does not provide a private right of action within its text. *See id.*

Numerous federal courts have held that the Federal Reserve Act does not provide a private right of action. *See, e.g., Ritchie v. Lisa Chan*, No. 23-CV-1715-JO-BGS, 2024 WL 270108, at *2 (S. D. Cal. Jan. 23, 2024) ("The Federal Reserve Act is 'entirely unrelated to consumer finance and does not provide any rights to a private citizen.'") (quotation omitted); *White v. Lake Union Ga Partners LLC*, No. 1:23-cv-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023), *Morton v. J.P. Morgan Chase & Co.*, No. 623CV04570BHHJDA, 2023 WL 8767544, at *5 (D.S.C. Nov. 21, 2023), *Murphy v. Capitol* One, No. 4:23-CV-1120 HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023). Indeed, the Complaint is void of any facts to support their conclusion that section 412 provides them a private right of action—because there are none.

The Knapps' claims of breach of contract and breach of fiduciary duty, which are premised on violations of section 412, are frivolous and must be dismissed with prejudice.

9

**IV.     The Knapps' Claim for Breach of Contract Must Be Dismissed for Failure to Identify Any Contract or Provision That Was Breached.**

Plaintiffs' claim for breach of contract is also subject to dismissal for failure to identify any contact or contractual provision that has allegedly been breached.

The allegations of Count 1 merely re-hash the Knapps claim that they, through Williams, ordered Defendants to exchange the Contracts and Documents for Federal Reserve Notes, and that Defendants ignored these orders. (*See* Compl. ¶¶ 62-67.) The Knapps then conclude they have been damaged "due to this breach of contract." The Knapps do not identify any specific contract which they allege was breached, nor do they identify any contractual provision that was breached.

Even if the Knapps intended to refer to the Contracts and Documents referenced in the Complaint, those documents contain no provisions that require Defendants to follow the "orders" of Williams or attempt to exchange the Contracts and Documents for Federal Reserve Notes. To the contrary, the Buyer Representation Contract required Defendants to act in the Knapps' best interests "subject to any limitations imposed by law." (*See* Kouba Decl. Ex. B.) Defendants fulfilled this obligation by refusing to engage in an unlawful attempt to exchange the Contracts and Documents for Federal Reserve Notes.

The Knapps' claim for breach of contract is meritless and must be dismissed.

**V.     The Knapps' Claim for Breach of Fiduciary Duty Must Be Dismissed for Failure to Identify Any Fiduciary Duty That Was Breached.**

The Knapps' Count 2 claim for breach of fiduciary duty must be dismissed for failure to identify any legally cognizable duties that were breached. "To prevail on a claim of breach of fiduciary duty, a plaintiff must prove four elements: duty, breach, causation, and damages." *TCI Bus. Capital, Inc. v. Five Star Am. Die Casting, LLC*, 890 N.W.2d 423, 434 (Minn. Ct. App. 2017). The Knapps fail to adequately plead the first two elements.

The Knapps claim Defendants "had a fiduciary duty to complete orders sent by attorney-in-fact Brandon Joe Williams," and they breached this alleged "duty" by refusing to follow Williams' orders. However, Defendants did not owe any fiduciary duty *to Williams*. *See Carlson v. SALA Architects, Inc.,* 732 N.W.2d 324, 330 (Minn. Ct. App. 2007) ("A fiduciary relationship is characterized by a 'fiduciary' who enjoys a superior position in terms of knowledge and authority and in whom the other party places a high level of trust and confidence.")

Assuming the Knapps intended to assert that Defendants breached their fiduciary duty *to the Knapps*, rather than to Williams, this claim likewise fails because Defendants did not owe the Knapps a fiduciary duty to exchange fictitious "collateral securities" for Federal Reserve Notes.

Real estate brokers owe fiduciary duties of good faith and loyalty, including the duty to communicate "all facts of which he has knowledge which might affect the principal's rights or interests." *See White v. Boucher*, 322 N.W.2d 560, 564

(Minn. 1982). Further, real estate brokers owe statutory fiduciary duties, including duties to act in the clients' best interests and carry out the clients' lawful instructions. Minn. Stat. § 82.67. For the reasons set forth above, the Knapps' instructions to exchange the Contracts and Documents for Federal Reserve Notes were not only unlawful, but impossible. By refusing to follow Williams' unlawful instructions, Defendants actually fulfilled their fiduciary duty to act in the Knapps' best interests.

The Knapps' claim for breach of fiduciary duty is frivolous and must be dismissed.

## VI. The Knapps' Count 3 Claim for Civil Penalties under 12 U.S.C. § 504 Fails as a Matter of Law Because the Statute Does Not Apply to Defendants or Provide a Private Right of Action.

The Knapps' claim that Defendants are subject to a civil penalty pursuant to 12 U.S.C. § 504 is equally frivolous. In Count 3 of their Complaint, the Knapps assert that Defendants are subject to penalties under section 504 because of their purported violations of 12 U.S.C. § 412. As described above, section 412 does not apply to Defendants, nor does it provide a private right of action. Likewise, there is no private right of action under section 504. *See Harp*, 2023 WL 5152625, at *4 (finding that statute does not create a private right of action and dismissing *pro se* claim under 12 U.S.C. § 504 for failure to state a claim); *see also Murphy v. Capital One*, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) (finding the imposition of penalties under the statute is the purview of federal officials, and no private right of action exists under section 504). The Knapps have failed to plead any facts to

12

support they are federal officials able to assert civil penalties under section 504—to the contrary, they plead they are "persons residing in Hennepin County, Minnesota." (*See* Compl. at ¶ 3.)

The Knapps appear to be aware of the fact they cannot assert claims under section 504, but did so anyway, asserting that any civil money penalty under section 504 "is collected and deposited into the Treasury[,]" and therefore the Knapps "intend to send a copy of this complaint" to various federal and state agencies "for inspection and collection." (*See id.* at ¶ 80.) Despite their apparent knowledge that they do not have the right to bring such a claim, the Knapps still claim in Count 3 that Defendants are liable for the civil penalty. This claim is wrong and patently frivolous.

The Knapps' claim under section 504 also fails because Hollerman and Compass are not banks. Section 504 imposes penalties on "member banks" for a variety of misconduct. *See* 12 U.S.C. § 504. Under Title 12, "member banks" are defined as "any national bank, State bank, or bank or trust company which has become a member of one of the Federal reserve banks." 12 U.S.C. § 221. Nowhere in their Complaint do the Knapps assert that Defendants are banks—to the contrary, the Knapps allege that Compass is "a Foreign Limited Liability Company" and Hollerman is "a real estate broker." (Compl. at ¶¶ 5–6.) Furthermore, there are no facts that can be introduced to show that Defendants are banks.

The Complaint fails to assert any facts to support the Knapps' claim that they have a private right of action under 12 U.S.C. § 504, that Defendants are subject to

13

12 U.S.C. § 412 or § 504, or that Defendants are banks as defined in Title 12. Therefore, the Knapps' claim under 12 U.S.C. § 504 fails to state a claim upon which relief can be granted and must be dismissed with prejudice.

**VII.     Counts 4, 5, and 6 Must Be Dismissed Because the Knapps, as Private Citizens, Cannot Enforce Criminal Statutes.**

The federal criminal claims set forth in Counts 4, 5, and 6 of the Complaint also fail as a matter of law. Counts 4, 5, and 6 of the Complaint assert three claims based on the federal criminal statutes contained in Title 18: Count 4 asserts a violation of 18 U.S.C. § 1956 for the laundering of monetary instruments; Count 5 asserts a violation of 18 U.S.C. § 2341 for the transportation of stolen securities; and Count 6 asserts a violation of 18 U.S.C. § 1345 for securities and commodities fraud. (*See* Compl. at ¶¶ 81–93.) As private citizens, the Knapps do not have standing to bring these claims. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1062 (D. Minn. 2009) ("A private citizen does not have standing either to enforce federal criminal statutes or to have such statutes enforced.").

These claims also fail because there is no private right of action under these statutes. In determining if a statute provides a private right of action, the Court looks to congressional intent to see if a private right of action was contemplated by Congress. *Patil v. Minnesota State Univ., Mankato*, No. CIV. 12-1052 JRT/JSM, 2012 WL 7807608, at *13 (D. Minn. Dec. 10, 2012), *aff'd*, 533 F. App'x 698 (8th Cir. 2013). If such intent cannot be inferred from the statutory language, its structure, or some other source, there is no private right of action. *Id.* The presence of a criminal statute neither creates nor implies a corresponding private right of

14

action. *See United States v. Wadena*, 152 F.3d 831, 845–46 (8th Cir. 1998).

The law is clear that only the United States attorney has the right to assert claims under Title 18: "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall…prosecute for all offenses against the United States." 28 U.S.C. §547. There is no question that the Knapps cannot assert a private right of action under their Title 18 claims.

Even if the Knapps had a private right of action under Title 18 laws, which they do not, the Knapps assuredly do not have a private right of action under 18 U.S.C. § 1956 for laundering monetary instruments. First, nothing within the language of the statute itself provides the Knapps a private right of action. *See* 18 U.S.C. 1956; *see also Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (finding that § 1956 does not expressly provide a private right of action). Second, courts have repeatedly found that § 1956 does not provide a private right of action, whether explicitly or implicitly. *See El v. Wells Fargo Bank*, No. 219CV02538JTFCGC, 2020 WL 1941322, at *3 (W.D. Tenn. Mar. 12, 2020) (citing numerous cases in various districts holding that § 1956 does not provide a private right of action).

Likewise, there is no private right of action for Count 5 of the Complaint. Count 5 asserts a claim under 18 U.S.C. § 2314 for transporting stolen securities. There is no language within § 2314 that provides a private right of action. *See* 18 U.S.C. § 2314. Furthermore, Courts in other districts have found no private right of action exists under § 2314. *See Klein v. Sutro Bros. & Co.*, No. 69 CIV. 3693,

15

1970 WL 234, at *2 (S.D.N.Y. Jan. 26, 1970.), *Lindsay v. Ahuja*, No. 3:17CV01771 (JCH), 2017 WL 11707316, at *3 (D. Conn. Nov. 21, 2017); *see also Carroll v. U.S. Equities Corp.*, No. 1:18-CV-667, 2020 WL 11563716, at *13 (N.D.N.Y. Nov. 30, 2020) (holding Plaintiff did not have a basis for implying a private right of action under § 2314).

There is also no private right of action for Count 6 of the Complaint. Count 6 asserts a claim under 18 U.S.C. § 1348 for securities and commodities fraud. Nothing in the language of § 1348 provides or implies a private right of action. *See* 18 U.S.C. § 1348. Like with the Knapps' other two Title 18 claims, courts have found that there is no private right of action under § 1348. *See Barringer v. Ohio*, No. 3:23 CV 1530, 2023 WL 8436427, at *2 (N.D. Ohio Dec. 5, 2023), *Heath v. Root9b*, No. 18-CV-01516-RBJ-KMT, 2019 WL 1045668, at *6 (D. Colo. Mar. 4, 2019), *Butler v. Onewest Bank, FSB*, No. 10–00300HG–KSC, 2010 WL 3156047, at *3 (D. Haw. Aug. 6, 2010).

Additionally, even assuming *arguendo* the Knapps had a private right of action, the Knapps failed to plead their assertions of fraud in Count 6 with particularity. When alleging fraud or mistake, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, the only assertions in the Complaint that Hollerman or Compass engaged in fraud is the Knapps' claim that fraud resulted "due to a lack of complete failure to disclose the terms and options of signing/indorsing above collateral securities." (Compl. at ¶ 91.) The Knapps' cursory assertion of fraud is not pled with sufficient

16

particularity to comply with requirements of the federal rules. *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020) ("Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule.") (quoting *Schaller Tel. Co. v. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002). Therefore, Count 6 must be dismissed with prejudice.

In sum, the Knapps' claims under Title 18 fail to state a claim for which relief can be granted, because the Knapps do not have standing to prosecute federal criminal statutes and there are no private rights of action under the referenced statutes. The Knapps' Title 18 claims in Counts 4, 5, and 6 must be dismissed with prejudice.

## **CONCLUSION**

The Knapps have failed to plead sufficient facts to show that they are plausibly entitled to relief. The Knapps' legal theories are meritless, frivolous, and appear to be based on inaccurate and unauthorized "legal advice" from an unlicensed "attorney-in-fact." The Complaint fails to identify any contracts or fiduciary duties that have been breached, the Contracts and Documents referenced in the Complaint are *not* collateral securities, the Knapps' claims under Title 12 do not apply to Defendants, and the Knapps' do not have a private right to assert their claims under Title 12 and Title 18. Lastly, the Knapps have failed to properly serve Defendants pursuant to the Federal Rules of Civil Procedure. The Complaint against Defendants should be dismissed in its entirety, with prejudice.

                                        **CHRISTENSEN SAMPSEL PLLC**

Dated: February 20, 2024        /s/ Robert J. Kouba
                                              Carl E. Christensen (#350412)
                                              Ryan P. Supple (#395838)
                                              Robert Kouba (#398428)
                                              305 North Fifth Avenue, Suite 375
                                              Minneapolis, MN 55401
                                              (612) 473-1200
                                              carl@christensensampsel.com
                                              ryansupple@ christensensampsel.com
                                              robert@ christensensampsel.com

                                              Attorneys for Defendant
                                              Daniel Hollerman


                                        **FOLEY MANSFIELD**

Dated:  February 20, 2024    By:  */s/ Tessa Mansfield Hirte*
                                              Tessa Mansfield Hirte (#0396591)
                                              Michael S. Kernstock (#0398879)
                                              250 Marquette Avenue, Suite 540
                                              Minneapolis, MN  55401
                                              Telephone:  (612) 338-8788
                                              Email: tmansfield@foleymansfield.com
                                                          mkernstock@foleymansfield.com

                                              Attorneys for Defendant Compass Minnesota, LLC