UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp and Michelle Nichole Knapp,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Minnesota, LLC and Daniel Phillip Hollerman.<br><br>Defendants. | Case No.:  0:24-cv-00100-SRN-DTS<br><br><br>**DECLARATION OF TESSA MANSFIELD HIRTE** |

STATE OF MINNESOTA   )
                                                  ) ss.
COUNTY OF HENNEPIN )

I, Tessa Mansfield Hirte, declare as follows:

1. I am an attorney admitted to practice law in the State of Minnesota and in the District of Minnesota. I am one of the attorneys representing Defendant Compass Minnesota, LLC ("Compass") in the above-captioned matter.

2. I submit this declaration in opposition to Plaintiffs' Motion to Compel Communication with Attorney-in-Fact Brandon Joe Williams.

3. Plaintiffs claim to be represented in this matter by an individual named Brandon Joe Williams acting as their "attorney-in-fact."

4. Upon information and belief, Williams is not licensed to practice law in the state of Minnesota or any other jurisdiction in the United States.

5. Despite his lack of a law license, Williams purports to operate a "law firm"

called Williams & WILLIAMS Law Group.

6. Williams & WILLIAMS Law Group has a website that can be accessed at https://www.williamsandwilliamslawfirm.com.

7. On this website, Williams provides a brief background of this lawsuit, referring to it as "Case 1," and describes how he drafted the Complaint.

8. Attached as Exhibit A is a true and correct copy of the "Current and Previous Litigation" section of the Williams & WILLIAMS Law Group website, as it existed on February 22, 2024.

9. The website further describes how the "law firm" will assist "clients" in bringing legal claims in exchange for a "A VERY LARGE DOWN PAYMENT" in the range of $50,000 to $250,000.

10. Attached as Exhibit B is a true and correct copy of the "How Litigation Works" section of the Williams & WILLIAMS Law Group website, as it existed on February 22, 2024.

11. After receiving a copy of the Complaint in this case, counsel for Defendant Hollerman contacted Plaintiffs via email to arrange a meet and confer telephone call to discuss Defendants' plan to bring a motion to dismiss.

12. Plaintiff Preston Knapp responded to indicate that he would be joined at the meet and confer by Williams as his "agent and attorney operating pursuant to MN Statues Chapter 523."

13. Counsel for Defendants informed Plaintiffs via email that they would not discuss the merits of the case with Williams, because he was not a licensed attorney, and

therefore could not legally represent Plaintiffs in this matter.

14. Counsel for Defendants and Plaintiff Preston Knapp also exchanged several emails regarding the Defendants' Motion to Dismiss, as well as the merits of Plaintiffs' Complaint, their proposed Motion to Compel, and Motions for Default Judgment.

15. Attached as Exhibit C is a true and correct copy of the email exchange between Plaintiff Preston Knapp and counsel for Defendants.

16. The parties conducted a meet and confer via telephone on February 20, 2024.

17. During the meet and confer, Plaintiff Preston Knapp was joined by Williams, and another individual purporting to act as Plaintiffs' attorney-in-fact, Joey Kimbrough.

18. Preston Knapp, Williams, and Kimbrough all spoke on behalf of Plaintiffs during the meet and confer, including asserting various legal arguments.

19. Williams stated that the case should be handled by securities attorneys, implying that counsel for Defendants were not competent to handle this matter, and offered to answer any questions counsel for Defendants may have about the Complaint or securities law in general.

20. Counsel for Defendants attempted to explain to Williams and Kimbrough that they could not represent Plaintiffs or provide legal advice because they were not licensed attorneys.

21. When counsel attempted to explain to Williams that engaging in the authorized practice of law constituted a misdemeanor, and counsel intended to report his behavior to legal authorities, Williams became aggressive and confrontational.

22. Williams repeatedly interrupted counsel, demanding counsel provide the

3

"report" so he and his social media followers could "have a good laugh."

23.    Counsel for Defendants also reiterated the frivolous nature of Plaintiffs' motion to compel and their intent to seek sanctions if Plaintiffs persisted with the motion.

24.    Despite the presence of Williams and Kimbrough and their active participation in the phone call, counsel for Defendants and Plaintiffs were able to complete the meet and confer.

25.    The parties were unable to reach a resolution regarding the various motions, and Plaintiffs subsequently filed their Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct.
Dated: March 12, 2024.

*s/ Tessa Mansfield Hirte*
Tessa Mansfield Hirte