| | |
|---|---|
| **From:** | Preston Knapp <pknapp5@gmail.com> |
| **Sent:** | Tuesday, February 20, 2024 12:19 PM |
| **To:** | Tessa Mansfield Hirte |
| **Cc:** | Robert Kouba; Carl Christensen; Michael S. Kernstock; Kristina C. Davis |
| **Subject:** | Re: [EXTERNAL] Meet and Confer |

Dear Attorney Hirte,

Good afternoon, and thank you for your clarification regarding the application of Rule 6, specifically subsection (D), to our case. Your insight is valuable, and I appreciate the opportunity to further refine our understanding of the procedural timelines involved.

**Acknowledgement of Disagreements:** As we proceed forward, it's clear that there will be aspects of this case on which we will have to agree to disagree. The interpretation of the default judgment motion appears to be one such matter. Despite these differences, it's crucial that we maintain a focus on resolving the underlying dispute in a manner that is fair and just for all parties involved.

**Appreciation for De-escalation:** I want to express my gratitude for the shift towards de-escalation and a more constructive dialogue. Moving away from threats of sanctions to engage in meaningful discussions is a welcome approach that I believe will benefit your clients and the progression of this case.

**Agreement on Service Date:** We are in agreement that Defendant Compass was served on January 25th. However, our interpretations diverge from this point forward, particularly regarding the calculation of the response deadline under the Federal Rules of Civil Procedure.

**Interpretation of FRCP 6:** FRCP 6(1)(B) indeed mandates counting every day, including intermediate Saturdays, Sundays, and legal holidays, with 6(1)(C) clarifying that the period includes the last day unless it falls on a weekend or a legal holiday, in which case the deadline extends to the next working day. By our calculations, the 21st day after January 25th, excluding the day of service, was February 15th, a Thursday, neither a weekend nor a holiday.

**Conclusion on the Deadline:** Based on our interpretation, the response deadline for Compass was indeed February 15th. While we recognize the additional three days provided for mail service, as outlined in Rule 6(d), and the subsequent adjustment for weekends and federal holidays, our stance is that the original period's conclusion did not necessitate such an extension due to it ending on a weekday.

Understanding the importance of accuracy in these matters, I remain open to further discussion to ensure that our actions reflect a mutual respect for the procedural rules governing our case. I look forward to our conversation later today and hope that we can find common ground on this and other issues as we continue to advocate for our respective rights.

Best regards,

Preston

Exhibit C

On Feb 20, 2024, at 10:41 AM, Tessa Mansfield Hirte <tmansfield@foleymansfield.com> wrote:

Good morning Mr. Knapp,

With respect to the default judgment motion, you have overlooked subsection (D) of Rule 6, which provides that where service is completed via mail, 3 days are added after the period would otherwise expire under Rule 6(a). Compass was served *via mail* on January 25, making the original due date for its response February 18. Because February 18 was a Saturday, pursuant to Rule 6(a)(1)(C), the due date does not fall until the next day that is not a Saturday, Sunday, or legal holiday, which would be today, February 20, 2024 (yesterday was a federal holiday). I hope this helps clarify.

I look forward to speaking with you further regarding these matters later today.

Thank you,

**Tessa Mansfield Hirte**   Partner
Admitted in MN
***PLEASE NOTE – As of 1/1/24 our address has changed to 250 Marquette Ave, Ste. 540, Minneapolis, MN 55401.  Please u***

612-216-0373
tmansfield@foleymansfield.com
250 Marquette Avenue, Suite 540, Minneapolis, MN 55401
foleymansfield.com

**NOTICE:** Important disclaimers and limitations apply to this email.
Please click HERE to view these disclaimers and limitations.

**From:** Preston Knapp <pknapp5@gmail.com>
**Sent:** Tuesday, February 20, 2024 10:18 AM
**To:** Tessa Mansfield Hirte <tmansfield@foleymansfield.com>
**Cc:** Robert Kouba <robert@christensensampsel.com>; Carl Christensen <carl@christensensampsel.com>; Michael S. Kernstock <mkernstock@foleymansfield.com>; Kristina C. Davis <kdavis@foleymansfield.com>
**Subject:** Re: [EXTERNAL] Meet and Confer

Dear Attorney Hirte,

I appreciate your engagement and the points raised in your prior communication. I would like to address the matters concerning the *Motion to Compel* and the proposed *Motion for Default Judgment*, integrating my stance based on the Federal Rules of Civil Procedure ("FRCP"), specifically Rule 55, and the timing of the court's rules.

**Clarification on Motion to Compel**: I acknowledge the traditional application of Rule 37 of the FRCP to discovery among parties. However, our reference aims to highlight the broader principle of ensuring transparency and fairness in legal proceedings. In light of Mr. Christensen and Mr. Kouba's refusal to communicate with my agent, citing a non-existent "licensed attorney" requirement, it's pertinent to note Minnesota Statute § 523 and § 523.20. This statute clearly articulates an agent's authority without necessitating a legal license. The stance by opposing counsel unnecessarily complicates what could be a straightforward process, detracting from our collective efforts to address the complaint before the court. A more open dialogue, free from unnecessary procedural barriers, would undoubtedly be more productive.

**Motion for Default Judgment:** Regarding our stance on the default judgment, the defendant

("Compass") was served on January 25th, and considering the deadline for a response was February 15th—calculated pursuant to FRCP 6, excluding the day of service and including all calendar days—my position is that the response period has been exceeded. This argument is grounded in the procedural aspects governed by the FRCP, especially Rule 55 regarding default and default judgment.

As detailed in cases such as *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993)*, and *Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986)*, the courts have established criteria for considering default judgments and have emphasized the importance of procedural compliance. These precedents underscore the judiciary's discretion in matters of "excusable neglect" and the equitable principles guiding decisions on default judgments.

I firmly believe in resolving disputes on their merits, as supported by case law and FRCP principles. However, adherence to procedural deadlines is crucial for judicial efficiency and fairness. My motion for default judgment is thus predicated on the defendant's failure to meet these procedural obligations.

**Moving Forward:** I urge us to focus on the substantive issues at hand, rather than on procedural standoffs or threats of sanctions, which do not advance either parties interests. It is in the spirit of professional cooperation and with respect for the judicial process that I suggest we prioritize finding a resolution to the core dispute.

I look forward to our continued discussions and am hopeful for a productive dialogue in our meeting this afternoon. Should you wish to discuss any of these points further or require additional clarification, please feel free to reach out.

Best regards,

Preston

> On Feb 19, 2024, at 5:27 PM, Tessa Mansfield Hirte <tmansfield@foleymansfield.com> wrote:
>
> Good evening Mr. Knapp,
>
> Thank you for including me in these communications. In order to facilitate our discussion tomorrow, I would appreciate if you could please provide some clarification regarding your proposed motions.
>
> A Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure typically seeks a court order compelling a party to respond to discovery. I am unaware of any legal rule, statute, or case law that allows the court to compel another party to communicate with a non-party to a suit. If you are aware of such a rule or law, please provide the citation so that we can consider it.
>
> In addition, please explain the basis for your proposed Motion for Default Judgment. A Default Judgment only occurs where a party fails to plead or otherwise appear. Pursuant to the Rules 6 and 12 of the Federal Rules of Civil Procedure, Compass's pleading in

response to the Summons and Complaint is not due until tomorrow, February 20, 2024. I would ask that you clarify the basis for this motion, including any legal authority that you believe supports the motion, so that we can consider it prior to the call tomorrow.

Please be advised that, in the absence of any such legal authority, and if you insist on pursuing the motions following the meet and confer, Compass will seek sanctions in the form of attorney's fees and costs incurred in defending against the motions.

Thank you,

**Tessa Mansfield Hirte**  Partner
Admitted in MN
***PLEASE NOTE – As of 1/1/24 our address has changed to 250 Marquette Ave, Ste. 540, Minneapolis, MN 55401.**

- 612-216-0373
- tmansfield@foleymansfield.com
- 250 Marquette Avenue, Suite 540, Minneapolis, MN 55401
- foleymansfield.com

NOTICE: Important disclaimers and limitations apply to this email. Please click HERE to view these disclaimers and limitations.

**From:** Preston Knapp <pknapp5@gmail.com>
**Sent:** Monday, February 19, 2024 4:55 PM
**To:** Robert Kouba <robert@christensensampsel.com>
**Cc:** Carl Christensen <carl@christensensampsel.com>; Michael S. Kernstock <mkernstock@foleymansfield.com>; Tessa Mansfield Hirte <tmansfield@foleymansfield.com>
**Subject:** [EXTERNAL] Re: Meet and Confer

Hi Robert,

Thank you and nice to meet you Tessa. Confirmed for 5:00 pm Tuesday 2/20.

Note that my agents operating pursuant to MN Statute 523 will be joining, Mr Joey Kimbrough along with Mr. Williams as already discussed.

Re-stating that in addition to any Meet & Confer topics from your end that I will be bringing the following:

- 
    1. That we will be submitting a Motion to Compel communication with Attorney-in-Fact Brandon Joe Williams.
    2. That we will be submitting Motions seeking Default Judgement against both Mr. Hollerman and Compass.

Thanks again and look forward to the discussion.

Preston

On Feb 19, 2024, at 11:33 AM, Robert Kouba <robert@christensensampsel.com> wrote:

Mr. Knapp,

5:00 tomorrow, Tuesday February 20, 2024 works for me. I also understand that counsel for Compass would like to participate as well and is available.

I can be reached at 612-367-4168, and counsel for Compass, Ms. Tessa Mansfield Hirte, can be reached at 612-216-0373. Please do conference call both of us in the conversation.

<image001.png>   **Robert Kouba**
Attorney at Christensen Sampsel PLLC

**Address** 305 North Fifth Avenue, Suite 375, Minneapolis, MN 55401 **Direct**
**Email** robert@christensensampsel.com

<image002.png>            <image003.png>            <image004

This e-mail message and any attachments are confidential and may be privileged information. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please notify the sender immediately and destroy all copies of this message and attachments.

**From:** Preston Knapp <pknapp5@gmail.com>
**Date:** Friday, February 16, 2024 at 6:24 PM
**To:** Robert Kouba <robert@christensensampsel.com>
**Cc:** Carl Christensen <carl@christensensampsel.com>, Michael S. Kernstock <mkernstock@foleymansfield.com>
**Subject:** Re: Meet and Confer

Hi Robert,

Thank you for sharing this information.

Yes, let's do the Meet & Confer for Tuesday 2/20 at 5:00 pm. Please send me an invite or number for the call. Mr. Williams will be joining as well.

On the call I will be bringing my own Meet & Confer topic as follows:

1. That we will be submitting a Motion to Compel communication with Attorney-in-Fact Brandon Joe Williams.

Exhibit C

Also please note that we will be submitting motions of Notice and Motion for Default Judgment, both against Mr. Hollerman as well as Compass.

Thanks again. Very much looking forward to talking soon.

Preston

> On Feb 16, 2024, at 3:23 PM, Robert Kouba <robert@christensensampsel.com> wrote:
>
> Mr. Knapp,
>
> My client plans on bringing a motion to dismiss your Complaint for failing to state a claim for which relief may be granted, and I understand that Compass will be joining in that motion. Local Rule 7.1 requires "the moving party…[to]…meet and confer with the opposing party" in advance of filing a motion. Nothing in the rule requires or permits the presence of a non-party or unlicensed attorney. Mr. Williams is neither a party to this action nor is he a licensed attorney. I take it from your email below that you are refusing to participate in the required meet and confer process. If you wish to reconsider your refusal and participate in a meet and confer as required by the Local Rule, please let me know what your availability is on either Monday, February 19, 2024, or Tuesday, February 20, 2024.
>
> If you wish to have Mr. Williams present on the call, that is your prerogative. However, I will not be engaging Mr. Williams in any discussion on this matter, as he is not a licensed attorney authorized to practice law in the State of Minnesota, or before the District of Minnesota.
>
> <image001.png>   **Robert Kouba**
> Attorney at Christensen Sampsel PLLC

6

Exhibit C

**Address** 305 North Fifth Avenue, Suite 375, Minneapolis, MN 55401 **Direct** (
**Email** robert@christensensampsel.com

<image002.png>          <image003.png>          <image

This e-mail message and any attachments are confidential and may be privileged information. If yo
are not the intended recipient, or the person responsible for delivering it to the intended recipient,
please notify the sender immediately and destroy all copies of this message and attachments.

**From:** Preston Knapp <pknapp5@gmail.com>
**Date:** Friday, February 16, 2024 at 2:53 PM
**To:** Robert Kouba <robert@christensensampsel.com>
**Cc:** Carl Christensen <carl@christensensampsel.com>, Michael S. Kernstock <mkernstock@foleymansfield.com>
**Subject:** Re: Meet and Confer

Hi Robert,

Very well, in that case, you may please speak to the court.

If me having counsel on our chat is not an option then the call is not an option.

Have a nice weekend.

Thank you,

Preston

> On Feb 16, 2024, at 10:49 AM, Robert Kouba <robert@christensensampsel.com> wrote:
>
> Mr. Knapp,
>
> We will need to discuss today, Monday, or Tuesday. It will be a brief phone call. Please let me know your availability.
>
> Additionally, as we have already informed you, Mr. Williams is not a

Exhibit C

licensed attorney and we will not be communicating with him.

<image005.png>  **Robert Kouba**
Attorney at Christensen Sampsel PLLC

**Address** 305 North Fifth Avenue, Suite 375, Minneapolis, MN 55401 **Direct** (612) 367-4168
**Email** robert@christensensampsel.com

<image006.png> <image007.png> <image008.png>

This e-mail message and any attachments are confidential and may be privileged information. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please notify the sender immediately and destroy all copies of this message and attachments.

**From:** Preston Knapp <pknapp5@gmail.com>
**Date:** Thursday, February 15, 2024 at 11:41 PM
**To:** Robert Kouba <robert@christensensampsel.com>
**Cc:** Carl Christensen <carl@christensensampsel.com>, Michael S. Kernstock <mkernstock@foleymansfield.com>, Brandon Joe Williams <brandon@williamsandwilliamslawfirm.com>
**Subject:** Re: Meet and Confer

Hi Robert,

Thanks for reaching out. Yes, happy to chat. Can we do Wednesday 2/21 at 3:00 pm Central?

I will be joined by my agent and attorney operating pursuant to MN Statues Chapter 523 Brandon Joe Williams. We welcome the opportunity to speak with you live about this matter.

Feel free to either send us a calendar invite or let me know the best number to reach you.

Thanks again,

8

Exhibit C

Preston

> On Feb 15, 2024, at 4:45 PM, Robert Kouba <robert@christensensampsel.com> wrote:
>
> Mr. Knapp,
>
> I am emailing you to set up a time for a brief phone call regarding your Complaint. Please let me know what availability you have for a brief phone call tomorrow or Monday.
>
> <image001.png>  **Robert Kouba**
> Attorney at Christensen Sampsel PLLC
>
> **Address** 305 North Fifth Avenue, Suite 375, Minneapolis, M 55401 **Direct** (612) 367-4168
> **Email** robert@christensensampsel.com
>
> <image002.png> <image003.png> <image004.png>

This e-mail message and any attachments are confidential and may be privileged information. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please notify the sender immediately and destroy all copies of this message and attachments.

Exhibit C