UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

**Cause No: 24-cv-100 SRN/DTS**

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. *Plaintiffs,* vs. COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). *Defendants.* | Honorable Judge Susan Richard Nelson Magistrate Judge David T. Shultz |

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW, Plaintiffs, Pro Se, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, by and through, Preston Byron Knapp and Michelle Nichole Knapp, pursuant to the Court's *Amended Briefing Schedule Order* (*Id*. at dkt 33) and Local Rule 7.1(c)(3), allege and state as follows:

**I. Introduction and Contextual Clarification**

Defendants' response to *Plaintiffs' Motion to Compel* conspicuously focuses on peripheral issues, namely the roles of Brandon Joe Williams and Joey Kimbrough as attorneys-in-fact, while substantially failing to address the crux of the dispute—Defendants' alleged breach of contract and failure to engage in lawful transactions as per the agreement(s). Plaintiffs assert that such diversionary tactics by Defendants not only misrepresent the essence of the litigation

but also aim to sideline the substantial allegations at hand through the introduction of hearsay and irrelevant arguments.

The Plaintiffs' reliance on Williams and Kimbrough, designated as attorneys-in-fact, emanates from a well-informed decision grounded in the legal rights afforded to them under Minnesota law, specifically Minnesota Statutes Chapter 523. This decision is further protected by the fundamental due process rights, as enshrined in the U.S. Constitution, and echoed in seminal cases such as *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938), which underscores the inviolability of due process rights within judicial processes. Defendants' memorandum inadvertently treads on these rights by casting aspersions on the Plaintiffs' legitimate choice of representation, thereby attempting to deflect attention from their purported non-compliance with the agreed terms of the property transaction.

It is imperative to highlight that the engagement of attorneys-in-fact in this context was executed with full transparency and adherence to the requisite legal formalities, including the execution of Limited Power of Attorney documents. These actions were taken not only within the legal rights of the Plaintiffs but were also driven by the necessity to safeguard their interests in the face of Defendants' alleged failures. The assertion made by Defendants, questioning the validity of the Plaintiffs' representation, fundamentally misconstrues the nature of a Limited Power of Attorney and attempts to undermine the Plaintiffs' autonomy in managing their legal affairs.

Furthermore, Defendants' insinuation that the involvement of Williams and Kimbrough introduces hearsay into the proceedings misrepresents the situation. All filings and procedural actions undertaken by Plaintiffs have been duly signed and submitted in compliance with the Federal Rules of Civil Procedure, ensuring that every step taken is substantiated and grounded in

the factual matrix of the case. The Plaintiffs have maintained a consistent and transparent stance throughout the litigation, underscored by their commitment to resolving the dispute based on its merits, devoid of any extraneous influences or hearsay.

In redirecting the Court's attention to the substantive legal issues at hand, Plaintiffs reiterate their commitment to a fair and just resolution of the dispute, guided by the principles of justice, due process, and adherence to the rule of law. The peripheral matters raised by Defendants, while attempting to obfuscate the core issues, should not detract from the equitable adjudication of this case, which hinges on Defendants' adherence to their contractual obligations and the lawful rights of the Plaintiffs to seek redress for alleged breaches.

## II. Legal Representation and Due Process Rights

Plaintiffs' selection of their legal representatives ("Agents") is grounded in the principles of due process, a cornerstone of the American legal system as reaffirmed in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938) which articulates the significance of safeguarding individual rights within judicial proceedings. Further, as *Pure Oil Co. v. City of Northlake*, 10 Ill.2d 241, 245, 140 N.E.2d 289 (1956) and *Hallberg v. Goldblatt Bros*., 363 Ill 25 (1936), demonstrate, the courts have consistently upheld the importance of due process in ensuring fair and equitable treatment under the law. These precedents reinforce Plaintiffs' right to choose their representation, a decision made within the legal framework provided by Minnesota Statutes Chapter 523.

## III. Misrepresentation and Distraction by Defendants

Defendants' memorandum, rather than addressing the substantive legal issues at hand, focuses on discrediting the Plaintiffs' chosen form of representation. This approach not only misrepresents the nature of the attorneys-in-fact but also seeks to distract from the core issues of

the case. Such tactics undermine the due process rights of the Plaintiffs and detract from the equitable resolution of genuine disputes.

## IV. Plaintiffs' Commitment to Judicial Resolution

Plaintiffs reiterate their steadfast commitment to resolving the present case based on its substantive legal merits, guided by the principles of justice, due process, and a rigorous adherence to the procedural norms established by the Federal Rules of Civil Procedure and Minnesota law. This commitment underscores the Plaintiffs' approach to this litigation, emphasizing a resolution grounded in factual accuracy, legal integrity, and the equitable administration of justice.

The Plaintiffs have approached this dispute with a clear focus on the alleged contractual breaches by Defendants, seeking remedies through the judicial system in a manner that respects the rule of law and the rights of all parties involved. This approach reflects a broader understanding of the legal system as a means of resolving disputes fairly and justly, rather than as a forum for unnecessary procedural disputes or distractions.

The involvement of Brandon Joe Williams and Joey Kimbrough, as attorneys-in-fact, is rooted in the Plaintiffs' lawful exercise of their rights to appoint representatives who they believe possess the necessary skills and expertise to address the complexities of their case. This decision was made with full consideration of the legal frameworks governing such appointments, specifically Minnesota Statutes Chapter 523, and with the expectation that their chosen representatives would act within the scope of their authority to protect the Plaintiffs' interests.

Furthermore, the Plaintiffs' motion to compel communication with their attorney-in-fact represents a procedural step taken in pursuit of this resolution. It is not, as Defendants have suggested, a frivolous or baseless action, but rather a legitimate request made in the context of

ongoing litigation, seeking to ensure that Plaintiffs can effectively communicate their positions and arguments through their appointed representatives. This motion, and other actions taken by Plaintiffs in this litigation, are driven by a desire to clarify the facts, address the alleged breaches, and seek a resolution that is both fair and grounded in law.

The Plaintiffs' commitment to resolving this case on its merits extends to a willingness to engage in constructive dialogue and, where possible, to find common ground with Defendants. However, this commitment is contingent upon a mutual respect for the legal process and an adherence to the principles that govern judicial proceedings. It requires that all parties, including Defendants, approach this dispute with an openness to factual clarity and legal argumentation, rather than resorting to tactics that seek to undermine the legitimacy of Plaintiffs' claims or their chosen form of representation.

Plaintiffs' approach to this litigation exemplifies a commitment to the judicial resolution of disputes, emphasizing the need for a focus on substantive legal issues, the equitable treatment of parties, and the pursuit of justice through established legal channels. Plaintiffs urge the Court to recognize the legitimacy of their actions and claims, to discount the distractions presented by Defendants, and to facilitate a fair resolution of this dispute based on the merits of the case and the application of relevant law.

## V. Conclusion

In consideration of the above arguments and the guiding principles of due process as affirmed in *Johnson v. Zerbst* and other relevant case law, Plaintiffs respectfully request that the Court grant their Motion to Compel. This action is necessary to uphold the integrity of the judicial process and to ensure that Plaintiffs' rights are protected in accordance with Federal and Minnesota law.

Dated:  March 19th, 2024                                RESPECTFULLY SUBMITTED,

                                                                                        BY:     /s/ *Preston Byron Knapp*
                                                                                Preston Byron Knapp
                                                                                Plaintiff, Pro Se
                                                                                Pknapp5@gmail.com
                                                                                (262) 496-8083

                                                                                /s/ *Michelle Nichole Knapp*
                                                                                Michelle Nichole Knapp
                                                                                Plaintiff, Pro Se
                                                                                Michelleknapp@gmail.com
                                                                                (540) 931-5682


### Certificate of Service

Plaintiffs certify that on March 19th, 2024, the foregoing *PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL* was filed with the Clerk of this Court via ECF.  We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com