UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp and Michelle Nichole Knapp, <br><br> Plaintiffs, <br><br> v. <br><br> Compass Minnesota, LLC and Daniel Phillip Hollerman. <br><br> Defendants. | Case No. 0:24-cv-00100-SRN-DTS <br><br><br> **DEFENDANTS' MOTION FOR SANCTIONS** |

To:   The Court and all counsel of record.

## MOTION

Defendants Daniel Philip Hollerman ("Hollerman") and Compass Minnesota, LLC ("Compass") (collectively, "Defendants") hereby move the Court, pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, for an order imposing sanctions against Plaintiffs Preston Byron Knapp and Michelle Nichole Knapp (collectively, the "Plaintiffs") as a result of presenting Plaintiffs' complaint (ECF No. 1) for an improper purpose—namely, to harass, cause delay, and needlessly increase the litigation costs of Defendants. Plaintiffs have commenced a lawsuit in which they assert claims that fail to state a cognizable claim for relief. There is no legal or factual basis to support Plaintiffs claims. Plaintiffs attempt to assert claims against Defendants pursuant to 12 U.S.C. § 504, despite the fact Defendants are not "banks", to characterize a contract as a "security" subject to 12 U.S.C. § 412, and to assert claims under Title 18 without a

private right of action.

## RULE 11 STANDARDS

Rule 11, FRCP provides, in part, as follows:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> 3. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4. the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides for the imposition of sanctions in the event there is a violation of Rule 11(b).

Plaintiffs' complaint violates Rule 11(b) and sanctions are appropriate here because, on its face, Plaintiffs' complaint does not assert any cognizable claim for relief supported by facts or the law. Plaintiffs assert claims under Title 18 without a private right of action, assert claims under Title 12 despite Defendants not being "banks" within the meaning of the statute, and assert that the contracts between Plaintiffs and Defendants are "securities" within the meaning of Title 12 and subject to 12 U.S.C. § 412. Plaintiffs' have failed to conduct a reasonable

inquiry into the merits of their case before commencing this action.

For these reasons, Defendants seek an order from this Court: (1) imposing monetary sanctions against Plaintiffs sufficient to deter future misconduct; and (2) directing payment by Plaintiffs of Defendants' reasonable attorney fees, costs, disbursements, and other expenses incurred for defending against Plaintiffs' frivolous complaint and having to bring this motion.

In accordance with Fed. R. Civ. P. 11(c)(2), a copy of this Motion and Safe Harbor notice were served on Plaintiffs at least 21 days prior to the filing of this Motion. Plaintiffs have failed to withdraw the challenged pleading. Should the Court conclude that Plaintiffs' complaint violates Fed. R. Civ. P. 11(b), Defendants are prepared to submit further declarations detailing the amount and nature of the fees and costs sought and provide documentary support for the same.

**CHRISTENSEN SAMPSEL PLLC**

Dated: February 23, 2024

/s/ Robert J. Kouba
Carl E. Christensen (#350412)
Ryan P. Supple (#395838)
Robert Kouba (#398428)
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
(612) 473-1200
carl@christensensampsel.com
ryansupple@christensensampsel.com
robert@christensensampsel.com
*Attorneys for Defendant
Daniel Hollerman*

                                        FOLEY & MANSFIELD, PLLP

Dated: February 23, 2024    By:  /s/ Tessa Mansfield Hirte
                                           Tessa Mansfield Hirte (#0396591)
                                           Michael S. Kernstock (#0398879)
                                           250 Marquette Avenue, Suite 540
                                           Minneapolis, MN  55401
                                           Telephone:  (612) 338-8788
                                           Email: tmansfield@foleymansfield.com
                                                     mkernstock@foleymansfield.com

                                           Attorneys for Defendant Compass Minnesota, LLC

4