UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

**Cause No: 24-cv-100 SRN/DTS**

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. *Plaintiffs,* vs. COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). *Defendants.* | Honorable Judge Susan Richard Nelson Magistrate Judge David T. Shultz |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS JOINT MOTION FOR SANCTIONS AND REBUTTAL OF JOINT MEMORANDUM OF LAW IN SUPPORT**

COME NOW, Plaintiffs, Pro Se, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, by and through, Preston Byron Knapp and Michelle Nichole Knapp, pursuant to Local Rule 7.1(c)(2), allege and state as follows:

**INTRODUCTION:**

Plaintiffs, Preston Byron Knapp and Michelle Nichole Knapp, by way of their response, hereby oppose the *Defendants' Motion for Sanctions*. Plaintiffs assert that the Motion for Sanctions filed by Defendants under Rule 11 of the Federal Rules of Civil Procedure is without merit and is itself indicative of the very conduct that Defendants seek to sanction.

**ARGUMENT**

I. **Plaintiffs' Claims are Not Frivolous and Raise Issues Deserving of Substantive Consideration**

The allegations in the Plaintiffs' complaint, while novel, raise a right to relief above the speculative level as required by ***Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007)**. Defendants' assertion that Plaintiffs' Complaint is patently frivolous is itself an attempt to mislead the Court, as it fails to appreciate the factual context and the legal theories advanced by Plaintiffs.

Plaintiffs contend that their claims, far from being frivolous, are substantiated by the only factual evidence properly before this Court: a series of unrebutted affidavits that stand as evidence of the "facts" in the record, as opposed to the "declarations" presented by Defendants. As the docket will reflect, these affidavits, submitted by Plaintiffs, remain uncontested, establishing a factual foundation that elevates the claims beyond the speculative level, satisfying the standard set forth in *Bell Atlantic Corp v. Twombly*, which requires that factual allegations must raise the right to relief above a speculative level.

Moreover, according to ***Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647**, mere statements of counsel in briefs or arguments are not sufficient for purposes of granting a motion to dismiss or summary judgment. Defendants' reliance on counsel's "declarations" therefore does not equate to the presentation of evidence as required for the adjudication of facts. This Court is obligated to rely on evidence, not mere declarations that have not been tested by cross-examination or the rigors of evidentiary standards.

It is a well-settled principle that courts must base their rulings on the evidentiary record presented by the parties. The affidavits provided by Plaintiffs offer direct testimonial evidence of the claims set forth in the complaint and constitute a more substantive form of evidence than the declarations offered by Defendants, which lack the reliability that comes from cross-examination

and the evidentiary process. These unrebutted affidavits now constitute the factual bedrock of this dispute, forming a stronger basis for claims than the unsworn declarations submitted by Defendants, which fail to meet the burden of proof required for sanctions.

## II. Plaintiffs Are Entitled to a Liberal Construction of Their Pleadings

The Supreme Court has long recognized that the pleadings of pro se litigants are to be held to less stringent standards than formal pleadings drafted by lawyers. In *Haines v. Kerner*, the Supreme Court held that a pro se complaint, "however inartfully pleaded," must be given a liberal construction and can only be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (**Haines v. Kerner, 404 U.S. 519, 520-521 (1972)**)).

This leniency towards pro se litigants is not merely a courtesy, but a recognition of the principle of substantive justice that seeks to ensure all individuals, regardless of legal education, have access to the courts. The Court's duty to liberally interpret pro se pleadings is especially pertinent when such pleadings present a plausible basis for claims, as evidenced by the unrebutted affidavits submitted by Plaintiffs in this matter.

Moreover, it is a well-established principle that pro se pleadings are to be given liberal construction (**Baldwin County Welcome Center v. Brown**, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751), and pro se litigants are afforded "special solicitude" (**Rabin v. Dep't of State** No. 95-4310, 1997 U.S. Dist. LEXIS 15718).

Furthermore, this Court recognizes that it must "so construe [pleadings] as to do substantial justice" (*Fed. R. Civ. P. 8*), emphasizing the importance of ensuring that justice is not sacrificed at the altar of technicality. The United States Supreme Court has expressly

admonished that it is contrary to the spirit of the Federal Rules for decisions on the merits to be avoided on the basis of mere technicalities (**Forman v. Davis**, **371 U.S. 178 (1962)**).

Therefore, Plaintiffs request that this Court apply the principle of liberal construction to their pleadings, in recognition of their pro se status and in pursuit of the fundamental right to substantive justice. Such consideration is crucial in evaluating the viability of the Plaintiffs' claims and further supports the opposition to the Defendants' Motion for Sanctions. Plaintiffs have laid out a factual framework within their pleadings, supported by unrebutted affidavits, which more than satisfies the liberal pleading standard required of pro se litigants and entitles them to present their case.

### III.     No Summary Judgment Can Be Made Without Factual Basis

In line with the precedent set forth in *Trinsey v. Pagliaro*, **D.C. Pa. 1964, 229 F. Supp. 647**, a motion to dismiss a claim for insufficiency under Rule 12(b)(6) cannot stand merely on the bare assertions that a complaint lacks merit. The Court in *Trinsey* elaborated that such a motion is substantively incomplete without affidavits or depositions to support the arguments for dismissal, indicating that the court has no factual basis upon which to make a summary determination.

It is paramount that Defendants provide a factual foundation for their request for dismissal, not just legal conclusions, or subjective interpretations of the law. In this respect, the legal maxim that substance prevails over form is particularly apt. To meet the standards set by the Federal Rules of Civil Procedure and substantive due process, Defendants must demonstrate through evidence, such as affidavits or depositions, that there are no material facts at issue warranting a trial.  The same should hold true for the Defendants' Motion for Sanctions!

The absence of such evidence in Defendants' Motion suggests an attempt to have the court render a decision not based on the substantive merits of the case, but rather on procedural technicalities. This approach contravenes the legal principle established by the Supreme Court in ***Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)**, where the court held that a complaint should not be dismissed for failure to state a claim unless the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." This landmark decision underscores the judicial responsibility to provide a fair and complete assessment of the claims before the court, based on a full and robust factual record.

Thus, Plaintiffs respectfully submit that *Defendants' Motion for Sanctions* is procedurally deficient and substantively wanting. The Court should not be compelled to make a summary judgment when the moving party has not provided a factual predicate sufficient to preclude the possibility of any dispute that could be resolved through the presentation of evidence.

IV.     **The Alleged "Meet and Confer" Misrepresentation Constitutes Fraud Upon the Court**

Preston Byron Knapp and Michelle Nichole Knapp present a matter of considerable gravity before this Honorable Court, pinpointing a distinctly material falsehood articulated in the Defendants' counsel's "Meet and Confer Statement" documented at docket number 49. This document erroneously asserts the presence of Michelle Nichole Knapp at a procedural meeting—a claim that stands in stark contrast to the truth, as she was unequivocally absent from that meeting. The Plaintiffs express profound concern over what they believe to be a deliberate action by Defendants' counsel to misrecord this detail, an action that is declared within their "Meet and Confer Statement" as "counsel for Defendants **certify** that they met and conferred via telephone with Plaintiffs Preston and **Michelle Knapp** regarding Plaintiffs' Complaint (ECF No. 1)." This assertion of fact, as certified by counsel, is challenged by Plaintiffs as being knowingly incorrect

and thus, under the comprehensive legal definition of fraud as outlined in Black's Law 4th Edition, rises to the level of a severe breach of legal ethics and procedural integrity.

The act of submitting a statement that falsely documents the attendance of an individual at a legal proceeding encompasses acts of bad faith, dishonesty, infidelity, and unfairness, which strike at the core of the justice system's ability to function impartially and equitably (***Johnson v. McDonald,*** **170 Okl. 117, 39 P.2d 150**). If Defendants' counsel has indeed misrepresented facts with the intent of obtaining an unfair advantage, it may constitute actual fraud, which is both a deliberate deception and a violation of the duty of honesty expected of parties in litigation (***Strauss v. Insurance Co. of North America***, **157 La. 661, 102 So. 861, 865**).

Moreover, fraud is not limited to outright falsehoods but also encompasses half-truths, omissions, or any deceptive act that may prejudice another party. This definition extends to acts of commission or omission contrary to legal or equitable duty (***Allen v. United States Fidelity & Guaranty Co.***, **269 Ill. 234, 109 N.E. 1035, 1038**). Such behavior could amount to constructive fraud, especially when it involves the breach of trust placed in the submissions of officers of the court.

In light of the Plaintiffs' unequivocal evidence that the "Meet and Confer Statement" contains false information regarding Michelle Nichole Knapp's participation, this Court is urged to scrutinize the veracity of the Defendants' submission. Given that the misrepresentation of such a procedural detail could have significant implications for the outcome of the present motion for sanctions, a thorough examination is warranted. The Plaintiffs have demonstrated a commitment to truth and transparency by contesting this falsity and maintaining the integrity of the judicial process. It is on these grounds that the matter is now respectfully submitted to the Court for consideration.

V.     **A Pattern of Misrepresentation Reflects Bad Faith Conduct**

The behavior of the Defendants, as represented by their counsel, manifests a troubling pattern that appears to extend beyond a singular misstep and into the realm of calculated misconduct. The misrepresentations made in the "Meet and Confer Statement," where Defendants' counsel certified having conferred with "Michelle Knapp" — a fact starkly refuted by her confirmed absence—point to a strategy that could be construed as employing bad faith litigation tactics. This pattern is not isolated; it has been observed that counsel for the Defendants has, to date, willfully refrained from addressing the Plaintiffs' comprehensive complaint substantiated by affidavits. Furthermore, Defendants' counsel has "certified" information on the court record that is now contended to be knowingly false.

This conduct, when viewed in totality, undermines the Plaintiffs' procedural rights and may potentially breach the professional and ethical standards set forth by the *Minnesota Rules of Professional Conduct, specifically Rule 3.3(a)(1)* which mandates candor towards the tribunal by prohibiting false statements. Such actions also raise issues under *Rule 3.4* which outlines fairness to opposing parties and counsel, especially in the context of evidence handling and adherence to the legal process.

The actions of the Defendants' counsel have thus compounded to present what the Plaintiffs argue to be an untenable contradiction—on one hand, neglecting to duly respond to substantiated claims and, on the other, pursuing motions for sanctions based on assertions of fraud. This paradoxical approach may seem to reflect a misuse of the legal system to the Plaintiffs' detriment and contravenes the pursuit of a just and fair litigation process.

Given these concerns, the Plaintiffs urge the Court to apply the same standards for sanctions, which the Defendants seek to impose on the Plaintiffs, upon themselves. Such a

request comes not out of retributive motives but from a need to preserve the equity and truth upon which the legal system is founded. It is a call for the enforcement of a standard that ensures all parties engage with the Court and each other in a manner that respects the solemnity of the judicial process and the search for factual truth.

Therefore, the Plaintiffs submit that the Defendants' counsel's behavior warrants close scrutiny by the Court, and potential sanctions should be considered as a corrective measure to address what the Plaintiffs perceive as an abuse of the legal process and a direct affront to the integrity of the Court's proceedings.

**CONCLUSION AND REQUEST FOR RELIEF**

In light of the foregoing, Plaintiffs respectfully request that this Court deny *Defendants' Motion for Sanctions*. Plaintiffs have provided unrebutted affidavits that substantiate their claims, distinguishing their evidence from the lesser assertions made by Defendants' counsel.

Plaintiffs assert that their claims are grounded in evidence, in accordance with prevailing legal standards, and on this basis request the Court to deny the motion for sanctions and to consider this Response in Opposition as a motion for sanctions against Defendants for their failure to meet the required evidentiary standard and for attempting to mislead the Court with declarations and "*certifications*" that do not carry the evidentiary weight of affidavits.

Dated:  March 24th, 2024                                                 RESPECTFULLY SUBMITTED,

BY:     /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com

(540) 931-5682

## Certificate of Service

Plaintiffs certify that on March 24th, 2024, the foregoing *PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SANCTIONS* was filed with the Clerk of this Court via ECF. We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com