UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Cause No: 24-cv-100 SRN/DTS

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. *Plaintiffs*, vs. COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). *Defendants*. | Honorable Judge Susan Richard Nelson Magistrate Judge David T. Shultz |

**PLAINTIFFS' REPLY TO DEFENDANT HOLLERMAN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

COME NOW, Plaintiffs, Pro Se, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, by and through, Preston Byron Knapp and Michelle Nichole Knapp, pursuant to the Court's *Amended Briefing Schedule Order* (*Id*. at dkt 33) and Local Rule 7.1(c)(3), allege and state as follows:

I.   **Introduction**

The essence of our legal system is to administer justice with an adherence to procedural fairness and due process. The Motion for Default Judgment by the Plaintiffs, Preston Byron Knapp, and Michelle Nichole Knapp, against Defendant Daniel Hollerman ("Hollerman"), is rooted in the principles upheld by the Federal Rules of Civil Procedure and supported by

precedent. It addresses significant procedural oversights by the Defendant, undermining the integrity of judicial proceedings.

The Defendant's opposition to our *Motion for Default Judgment* attempts to portray our motion as meritless and frivolous, primarily arguing a supposed failure in proper service and timely response. This portrayal misinterprets the procedural nuances and overlooks the judiciary's commitment to ensuring that justice prevails over procedural imperfections. In ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)**, the Supreme Court elucidated "excusable neglect," allowing for a flexible interpretation of procedural deadlines, indicating that inadvertence, mistake, or carelessness might not automatically preclude relief if a request for leave is made and a reasonable explanation is provided.

In contrast to the leniency contemplated by *Pioneer*, Hollerman failed to request leave or present any semblance of excusable neglect for their procedural missteps. This absence of action underscores a disregard for the procedural rules governing our courts and a lack of diligence necessary for the fair and just resolution of disputes. The Defendants' narrative, lacking legal justification for their oversight, attempts to shift focus from their procedural non-compliance, aiming to diminish the substantive rights of the Plaintiffs under the guise of purported procedural errors by the Plaintiffs.

This response will show that the Plaintiffs adhered to the procedural requirements of the Federal Rules of Civil Procedure and acted with reasonable diligence, contrary to the Defendant's portrayal. It will further articulate that the Defendant's opposition fails to recognize the judiciary's discretion in procedural oversight matters, especially when such oversights do not prejudice the opposing party. The motion to dismiss our *Motion for Default Judgment* as

frivolous is itself without merit and disregards the fairness and justice spirit our legal system upholds.

Therefore, we respectfully urge the Court to recognize the procedural and substantive merits of our *Motion for Default Judgment*, reject the Defendant's unfounded claims, and consider the established legal precedents that favor just resolution over rigid adherence to procedural formalities without any demonstrated prejudice.

**II.      Factual Background – Plaintiff's reply to "Factual Background" as presented by Defendant Hollerman:**

The Plaintiff's motion for default judgment is firmly grounded in the faithful adherence to the Federal Rules of Civil Procedure and the established legal precedents that demand rigorous compliance with procedural deadlines. As such, the Defendant's argument, predicated on the belief that the procedural timeline for their response had not elapsed, is fundamentally misguided and misapplies the rules governing such procedural matters.

**Service by Certified Mail and Acknowledgment of Proceedings**: The Plaintiffs assert that the attempt to serve Hollerman via certified mail was conducted in accordance with the permissible methods allowed under the Federal Rules of Civil Procedure. It should be noted, and the docket will reflect, that counsel for Hollerman had already filed in prior to the Plaintiffs filing the Notice of Service of Process, with an unrebutted affidavit. The Plaintiffs believe this alone establishes a client and counsel relationship, indicating that the Defendant was fully aware of the proceedings, thereby satisfying the actual notice requirement of service. This is supported by the established precedent in ***Murphy Brothers, Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344 (1999)**, where the Supreme Court held that the period for responding to a complaint does not begin until formal service is waived or the defendant is officially served, thus implying acknowledgment of the proceedings as a significant factor in the service process.

**Disregarding Certified Mail as Improper Service**: While the Defendant asserts that service by certified mail is not proper pursuant to *Rule 4*, the Plaintiffs maintain that the intent and purpose of service—to apprise the defendant of the action—are the guiding principles. In ***Jones v. Flowers*, 547 U.S. 220 (2006)**, the Supreme Court opined that when notice is a prerequisite, the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The Plaintiffs contend that their use of certified mail falls within these reasonable means.

**Counsel's Knowledge Constitutes Notice**: The interaction between the Plaintiffs and Defendant Hollerman's counsel, as evidenced in the meet and confer on February 20, 2024, further supports the argument that the Defendant was not only aware of the action but also engaged in defense strategies through their counsel. As noted in ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)**, reasonable diligence and good faith effort in providing notice are crucial factors in determining compliance with service requirements.

**Defendant's Motion to Dismiss Reflects Receipt of Notice**: Defendant Hollerman, along with Compass, filed a joint Motion to Dismiss, which in itself is a responsive pleading indicating receipt of notice regarding the action. As per ***Societe Internationale v. Rogers*, 357 U.S. 197 (1958)**, the mere fact that a party responds to a complaint signifies acknowledgment of the judicial proceedings, regardless of formal service methods.

In light of the aforementioned points, supported by the Federal Rules of Civil Procedure and Supreme Court decisions, the Plaintiffs respectfully request that the Court recognize the propriety of their service methods and the Defendant's actual notice of the proceedings. The Plaintiffs ask the Court to deny Defendant Hollerman's factual claims regarding improper service

and to affirm that the Plaintiffs have satisfied the due process requirements for effective service of process.

The Plaintiffs reiterate their position that strict compliance with the procedural formality of service must be interpreted in the context of achieving substantial justice, as directed by the overarching principles of fairness and judicial efficiency.

**III.	Argument: Legal Standard – Plaintiffs Reply to Defendant Hollerman's Response in Opposition:**

The Plaintiffs acknowledge the principle set out in *Rule 55* of the Federal Rules of Civil Procedure, which allows for the entry of default judgment against a party that "has failed to plead or otherwise defend." While Plaintiffs understand that default judgments are not typically favored, as noted in United States on behalf of **Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)**, they believe it is critical to differentiate between willful behavior that obstructs justice and minor procedural oversights.

In this instance, Defendant Hollerman's lack of response within the stipulated timeframe represents a significant procedural shortfall that impacts the progress of the proceedings. As determined in **H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970)**, a clear pattern of delay or defiant behavior by the defendant justifies the imposition of default judgment. Hollerman's disregard for the established timeline illustrates a dismissal of the procedural rules designed to ensure a smooth and equitable dispute resolution. Furthermore, Plaintiffs argue that Hollerman's failure to promptly plead or otherwise defend is more than a mere oversight; it hinders the swift and fair resolution of litigation. **Hertz Corp. v. Friend, 559 U.S. 77 (2010)** reemphasizes the necessity of applying procedural laws to promote the quick and appropriate administration of justice. This precedent underpins the use of default

judgment as a tool to maintain the legal process's procedural integrity when a defendant ignores these rules.

*Semler v. Klang*, **603 F. Supp. 2d 1211, 1218-1219 (D. Minn. 2009)**, referenced by the Defendants, underscores the importance of a responsive pleading before default judgment. However, this expectation relies on an attempt by the party to observe procedural regulations, which Hollerman has not shown. The Eighth Circuit's note in *Harre* concerning minor noncompliance with timing requirements does not apply here, where Hollerman has not filed a responsive pleading within the allowed timeframe nor indicated an intention to contest the Plaintiffs' claims promptly.

Therefore, Plaintiffs respectfully contend that their Motion for Default Judgment is not a punitive action, but a warranted remedy based on sound legal standards and precedent. Given Hollerman's definitive failure to participate in the process as required by the Federal Rules of Civil Procedure, Plaintiffs request the Court to apply these rules with full legal effect and grant the Motion for Default Judgment to avoid any further undue delay and harm to the Plaintiffs.

**Argument: Hollerman Was Not Properly Served Pursuant to the Federal Rules of Civil Procedure – Plaintiffs Reply to Defendant's Response in Opposition:**

The Plaintiffs hereby respond to the contention that Daniel Hollerman ("Hollerman") was not properly served pursuant to the Federal Rules of Civil Procedure. This response will demonstrate that the service of process was conducted in compliance with both the Federal Rules of Civil Procedure and Minnesota state law, meeting the requirements for effective service.

I. **Permissive Language of Fed. R. Civ. P. 4(e)**

The Plaintiffs assert that the language of Fed. R. Civ. P. 4(e) permits discretion in service methods. Hollerman's interpretation unduly restricts the rule's flexibility. Rule 4(e) uses

the term "may," indicating alternative methods that effectively provide actual notice are permissible, not a single mandated method of service.

## II. Service by Certified Mail and Compliance with Rule 4

Rule 4(c)(2) of the Federal Rules of Civil Procedure does not exclude service by certified mail. This rule allows any non-party adult to serve a summons and complaint, accommodating various service methods, including certified mail, which ensures a verifiable delivery record in line with due process.

## III. Accordance with Minnesota Court Rules

The service method is also consistent with Minnesota Court Rules, notably Rule 355.02, Subd. 2, endorsing service by U.S. mail by a qualifying individual. This state rule validates the Plaintiffs' use of certified mail as an acceptable service method.

## IV. Fulfillment of Service Purpose

Service rules are designed to ensure the defendant is properly notified and given a chance to respond. Hollerman's motion to dismiss acknowledges actual notice, as it constitutes engagement with the legal proceedings and a response to the complaint. Dismissal on the alleged grounds of improper service would be at odds with the objectives of justice and due process.

## V. Defendants' Misdirection

The Plaintiffs contend that Hollerman is attempting to misdirect the Court from their default by arguing improper service, despite having engaged in the proceedings, which affirms service acknowledgment.

In conclusion, the Plaintiffs maintain that the use of certified mail to serve Hollerman aligns with Federal Rules requirements and is corroborated by Minnesota state law. The

Plaintiffs urge the Court to dismiss Hollerman's motion to dismiss for insufficient service, as it would not serve justice or advance any substantial legal principle.

**Citation of Precedent** Supporting case law for the Plaintiffs' position includes:

> *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, **526 U.S. 344 (1999)**: The Supreme Court clarified that actual notice is essential before a defendant is compelled to defend themselves in court. The Plaintiffs have ensured actual notice through the use of certified mail.
>
> *Jones v. Flowers*, **547 U.S. 220 (2006)**: The Supreme Court concluded that if mailed notice of an action is returned unclaimed, further action is required to provide actual notice. The Plaintiffs have executed due diligence in the service process as required.
>
> Given these points, the Plaintiffs respectfully request the Court to reject Hollerman's

motion and recognize the proper service executed in this case.

**Argument:  Hollerman Filed a Proper Responsive and Timely Pleading – Plaintiffs Reply to Defendant Hollerman's Response in Opposition:**

The Plaintiffs, Preston Byron Knapp and Michelle Nichole Knapp, submit this comprehensive reply to address Defendant Daniel Hollerman's failure to provide a timely responsive pleading, as well as to substantiate the claim for damages incurred by the Plaintiffs.

**Responsive Pleading and Procedural Default**: The Defendant's motion to dismiss does not fulfill the obligation to provide a responsive pleading as outlined by Rule 55 of the Federal Rules of Civil Procedure. A responsive pleading, as intended under the rules, necessitates a formal answer that addresses the substance of the complaint. This obligation has been neglected by Defendant Hollerman, which constitutes a significant procedural lapse that justifies the Court's consideration of default judgment, as per *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, **432 F.2d 689, 691 (D.C. Cir. 1970)**.

**Foundation of Damages Claim**: Plaintiffs have provided a detailed affidavit of facts delineating the damages sought. These affidavits stand unrebutted and thus establish the Plaintiffs' claims according to legal standards that necessitate a demonstration of actual damages to a reasonable degree of certainty, which is further substantiated by case law, ***Everyday Learning Corp. v. Larson***, 242 F.3d 815, 818–819 (8th Cir. 2001).

**Uncontested Nature of Plaintiffs' Evidence**: In the absence of any evidence to the contrary presented by Defendant Hollerman, the affidavits submitted by Plaintiffs stand as the primary basis for the claim. Defendant Hollerman's lack of counter-evidence to Plaintiffs' claims solidifies the veracity of the Plaintiffs' position.

In summary, Plaintiffs request that the Court acknowledge Defendant Hollerman's procedural defaults and the evidence of damages as presented by the Plaintiffs. The *Plaintiffs' Motion for Default Judgment* is not merely punitive but a rightful pursuit to resolve the case expeditiously and justly in light of Defendant Hollerman's inaction.

The Plaintiffs therefore respectfully urge the Court to grant the *Motion for Default Judgment* in accordance with the procedural mandates of the Federal Rules of Civil Procedure and the unchallenged evidence of damages presented.

Dated:  March 24th, 2024                                        RESPECTFULLY SUBMITTED,

BY:     /s/ *Preston Byron Knapp*
        Preston Byron Knapp
        Plaintiff, Pro Se
        Pknapp5@gmail.com
        (262) 496-8083

        /s/ *Michelle Nichole Knapp*
        Michelle Nichole Knapp
        Plaintiff, Pro Se
        Michelleknapp@gmail.com
        (540) 931-5682

## Certificate of Service

Plaintiffs certify that on March 24th, 2024, the foregoing *PLAINTIFFS' REPLY TO DEFENDANT HOLLERMAN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT* was filed with the Clerk of this Court via ECF. We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com