UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

**Cause No: 24-cv-100 SRN/DTS**

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. *Plaintiffs,* vs. COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). *Defendants.* | Honorable Judge Susan Richard Nelson Magistrate Judge David T. Shultz |

**PLAINTIFFS' REPLY TO DEFENDANT COMPASS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

COME NOW, Plaintiffs, Pro Se, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, by and through, Preston Byron Knapp and Michelle Nichole Knapp, pursuant to the Court's *Amended Briefing Schedule Order* (*Id*. at dkt 33) and Local Rule 7.1(c)(3), allege and state as follows:

I.   **Introduction**

The essence of our legal system is not only to administer justice but to do so with an adherence to procedural fairness and due process. The Motion for Default Judgment brought forth by the Plaintiffs, Preston Byron Knapp, and Michelle Nichole Knapp, against Defendant Compass Minnesota, LLC ("Compass"), is firmly rooted in the principles upheld by the Federal Rules of Civil Procedure and supported by precedent. It seeks to address not mere technicalities

but significant procedural oversights by the Defendant, which undermines the integrity of judicial proceedings.

The Defendants' opposition to our Motion for Default Judgment attempts to portray our motion as both meritless and frivolous, primarily arguing a supposed failure in proper service and timely response. This portrayal not only misinterprets the procedural nuances involved but also overlooks the judiciary's broader commitment to ensuring that justice prevails over procedural imperfections. In the landmark case of ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)**, the Supreme Court elucidated the concept of "excusable neglect," which allows for a more flexible interpretation of procedural deadlines, emphasizing that inadvertence, mistake, or carelessness might not automatically preclude relief, provided that a request for leave is made and a reasonable explanation is presented.

In stark contrast to the leniency contemplated by *Pioneer*, the Defendant, Compass, failed to either request leave or present any semblance of excusable neglect for their procedural missteps. This absence of action speaks volumes, underscoring a disregard for the procedural rules that govern our court systems and a lack of diligence necessary for the fair and just resolution of disputes. The Defendants' narrative, devoid of any legal justification for their oversight, attempts to shift focus from their procedural non-compliance, aiming to diminish the substantive rights of the Plaintiffs under the guise of purported procedural errors on the part of the Plaintiffs.

This response will demonstrate that the Plaintiffs not only adhered to the procedural requirements set forth by the Federal Rules of Civil Procedure but also acted in good faith and with reasonable diligence, contrary to the Defendants' portrayal. It will further articulate that the

Defendants' opposition fails to recognize the judiciary's discretion in matters of procedural oversight, particularly in instances where such oversights do not prejudice the opposing party. The call to dismiss our Motion for Default Judgment as frivolous is, in itself, without merit and disregards the spirit of fairness and justice that our legal system strives to uphold.

Therefore, we respectfully urge the Court to recognize the procedural and substantive merit of our Motion for Default Judgment, to reject the Defendants' unfounded claims, and to consider the established legal precedents that favor a just resolution over rigid adherence to procedural formalities in the absence of any demonstrated prejudice.

II.     **Factual Background – Plaintiff's reply to Defendant's Response in Opposition:**

The Plaintiff's motion for default judgment is firmly grounded in the faithful adherence to the Federal Rules of Civil Procedure and the established legal precedents that demand rigorous compliance with procedural deadlines. As such, the Defendant's argument, predicated on the belief that the procedural timeline for their response had not elapsed, is fundamentally misguided and misapplies the rules governing such procedural matters.

The pivotal issue at hand concerns the interpretation and application of *FRCP 6*, particularly in the calculation of the response period following service via mail. The Defendant, Compass, erroneously contends that an additional three days should extend their response period beyond the 21-day threshold established in *FRCP 6(d)*, which allows for such an extension when service is effected by mail. However, such an extension is moot when the original period concludes on a standard business day, unaffected by weekends or legal holidays. This principle is supported by the interpretative guidance provided by the Supreme Court in ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993)**, which

recognizes the necessity for strict compliance with procedural rules, barring any excusable neglect which the Defendant has not asserted nor demonstrated.

Moreover, the Defendant's response lacks a request for leave based on excusable neglect, as defined by the Supreme Court's decision in **Pioneer Investment Services Co.** The absence of such a request further underscores the Defendant's departure from the procedural discipline mandated by the FRCP. In **Pioneer Investment Services Co.**, the Court clarified that the determination of excusable neglect involves an equitable balancing test, one which Compass has failed to invoke or satisfy.

Additionally, **Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986)**, elucidates factors that courts must consider when deciding on default judgments, underscoring the importance of considering the possibility of prejudice to the plaintiff, the merits of the substantive claim, and the sufficiency of the complaint, among others. These factors weigh heavily in favor of granting default judgment when a defendant fails to demonstrate a legally sufficient excuse for their procedural lapse.

In the case at bar, the Plaintiffs stand by their calculation, which designates February 15th as the final day for Compass to file a responsive pleading – a determination arrived at by applying the clear and unambiguous language of *FRCP 6*. The Plaintiffs' Motion for Default Judgment is therefore not only procedurally justified but also substantiated by the merits of their claim and the absence of a valid excuse from the Defendant.

In light of the foregoing, and in consideration of the legal principles as reinforced by **Hickman v. Taylor, 329 U.S. 495 (1947)**, **Weinstein v. Islamic Republic of Iran, 831 F.2d 1047 (2d Cir. 1987)**, **Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989)**, and **United States v. Procter & Gamble Co., 356 U.S. 677 (1958)**, which collectively affirm the

binding nature of the FRCP as equivalent to statutory law, the Plaintiffs respectfully urge the Court to recognize the procedural missteps of Compass and grant the Motion for Default Judgment accordingly. The Plaintiffs submit that the rules of procedure, endowed with the force of law, have been crafted to secure justice promptly and efficiently, and deviations from these rules without valid justification cannot be sanctioned within our legal framework. The rules are enacted and enforced to ensure the integrity and fairness of judicial proceedings, and this Court's adherence to these principles in rendering its decision on the instant motion will serve to uphold these critical tenets of our justice system.

### III. Argument: Legal Standard – Plaintiffs Reply to Defendant's Response in Opposition:

The Plaintiffs recognize the principle articulated in *Rule 55* of the Federal Rules of Civil Procedure, which provides for the entry of default judgment against a party that "has failed to plead or otherwise defend." While the Plaintiffs concur that default judgments are generally not favored, as stated in United States on behalf of ***Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)**, it is imperative to discern between willful conduct that impedes the administration of justice and marginal procedural noncompliance.

In the case at hand, the Defendants' failure to respond within the prescribed timeframe is neither marginal nor trivial but constitutes a substantial procedural deficiency that directly affects the course of these proceedings. As established in ***H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)**, "a clear record of delay or contumacious conduct by the defendant" warrants the entry of default judgment. Here, the Defendants' conduct, by not adhering to the stipulated deadline, demonstrates a disregard for the procedural rules that ensure an orderly and fair resolution of disputes.

Moreover, the Plaintiffs submit that the defaulting party's failure to timely plead or otherwise defend is not merely a procedural oversight but an impediment to the expeditious and judicious resolution of cases. The Supreme Court in **Hertz Corp. v. Friend**, **559 U.S. 77 (2010)**, reasserted the importance of procedural statutes being applied to achieve the prompt and proper administration of justice. This precedent supports the entry of default judgment as a means to uphold the procedural integrity of the legal process when a defendant disregards such statutes.

The case of **Semler v. Klang**, **603 F. Supp. 2d 1211, 1218-1219 (D. Minn. 2009)**, cited by the Defendants, highlights the need for a responsive pleading prior to the entry of default judgment. However, this requirement is premised on the assumption that the party has made some attempt to comply with the procedural rules, which Compass has failed to demonstrate. The Eighth Circuit's caveat in **Harre** about "marginal failure to comply with time requirements" is not applicable to the present circumstances, where the Defendants have failed to file any responsive pleading within the prescribed period, nor have they exhibited any intention to defend against the Plaintiffs' claims in a timely manner.

In conclusion, the Plaintiffs respectfully assert that their Motion for Default Judgment is not an unwarranted punitive measure but a justifiable recourse rooted in established legal standards and precedents. Given the Defendants' clear failure to engage with the process as mandated by the Federal Rules of Civil Procedure, the Plaintiffs urge the Court to enforce these rules, which have been endowed with the force of law, and grant the Motion for Default Judgment to prevent further undue delay and prejudice to the Plaintiffs.

**Argument: Compass Was Not Properly Served Pursuant to the Federal Rules of Civil Procedure – Plaintiffs Reply to Defendant's Response in Opposition:**

The Plaintiffs hereby respond to the Defendants' contention that Compass Minnesota, LLC ("Compass") was not properly served pursuant to the Federal Rules of Civil Procedure. This response will demonstrate that the service of process was conducted in accordance with both the Federal Rules of Civil Procedure and Minnesota state law, satisfying the requirements for effective service.

I. **Permissive Language of Fed. R. Civ. P. 4(e)**

The Plaintiffs contend that the language of Fed. R. Civ. P. 4(e) allows for discretion in service methods. The Defendants have misconstrued the provision's flexibility, interpreting it in an unduly restrictive manner. As indicated by the permissive term "may" in Rule 4(e), which suggests discretion, the rule does not compel exclusive adherence to any singular method of service and acknowledges alternative methods that effectively provide actual notice to the defendant.

II. **Service by Certified Mail and Compliance with Rule 4**

The Plaintiffs maintain that Rule 4(c)(2) of the Federal Rules of Civil Procedure does not expressly preclude service by certified mail. This provision allows any non-party who is at least 18 years of age to serve a summons and complaint, thus accommodating various methods of service, including certified mail, which offers a verifiable record of delivery and is consistent with the principle of due process.

III. **Accordance with Minnesota Court Rules**

Plaintiffs' method of service is also in harmony with the Minnesota Court Rules, particularly Rule 355.02, Subd. 2, which sanctions service by U.S. mail when executed by an individual meeting the age and non-party status criteria. This state provision corroborates Plaintiffs' position that the use of certified mail is an acceptable method of service.

IV. **Fulfillment of Service Purpose**

Service rules aim to guarantee that the defendant receives sufficient notice of the action and an opportunity to respond. In this instance, the Defendants' motion to dismiss substantiates actual notice, as they have engaged with the proceedings and responded to the complaint. Dismissing the action for purportedly improper service, when notice is undeniably established, would contravene the principles of justice and due process.

V. **Defendants' Misdirection**

The Plaintiffs believe that the Defendants are employing a tactic of misdirection to divert attention from their default. The Defendants have acknowledged service by engaging in these proceedings, which nullifies their argument of improper service.

In summary, the Plaintiffs assert that their use of certified mail to serve Compass fulfills the requirements set forth by the Federal Rules and is supported by Minnesota state law. The Plaintiffs urge the Court to reject the Defendants' motion to dismiss on the grounds of insufficient service of process, as such a dismissal would undermine the just and expeditious administration of justice without advancing any substantive legal principle.

**Citation of Precedent**

Relevant case law supporting the Plaintiffs' position includes:

- **Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)**: The Supreme Court held that an individual must be given actual notice of a lawsuit before they are required to defend themselves in court. This case underscores the importance of the actual notice, which the Plaintiffs have provided through certified mail.

- **Jones v. Flowers, 547 U.S. 220 (2006)**: The Supreme Court determined that when a mailed notice of an action is returned unclaimed, additional steps must be taken to

attempt to provide actual notice. This speaks to the due diligence required in service processes, which the Plaintiffs have fulfilled.

Given these considerations, the Plaintiffs respectfully request that the Court deny the Defendants' motion and affirm the propriety of the service effected in this case.

**Argument:  Even if Compass Had Been Properly Served, Its Responsive Pleading Was Timely – Plaintiffs Reply to Defendant's Response in Opposition:**

The Plaintiffs hereby contest the Defendants' claim that the responsive pleading filed on February 20, 2024, satisfied the timing requirements set by the Federal Rules of Civil Procedure. This opposition firmly rests on the procedural mandates prescribed by the rules and the accurate calculation of time periods for responses.

1. **Non-Extension of Response Time**: The Defendants incorrectly interpret the application of Rule 6(d) in relation to Rule 12(a)(1)(A)(i), which states that a party must serve an answer within 21 days after being served with the summons and complaint. The Defendants' suggestion that an additional three days are afforded for mail service under Rule 6(d) fails to acknowledge that such an extension is not applicable when the defendant acknowledges receipt of the documents within the original 21-day period, which in this case culminated on February 15, 2024.

2. **Defendants' Misapplication of Rule 6(a)(1)(C):** The Defendants' reliance on Rule 6 to extend the deadline due to weekends and legal holidays is predicated on the erroneous application of the three-day extension rule. The Plaintiffs maintain that February 15, 2024, was the final date for Compass to file a responsive pleading, as the original 21-day period did not necessitate an extension—it ended on a business day.

3. **Affirmation of Proper Service Under Rule 4**: The Plaintiffs reassert the legitimacy of the service of process as performed and documented in the Notice of Service of Process

and accompanying affidavits, which were filed with the Court (Id at docket 9). Rule 4(c)(2) of the Federal Rules of Civil Procedure was duly observed, and as such, the 21-day period for a response began upon the Defendants' receipt of the summons and complaint, confirming the service's effectiveness.

4. **Compliance with Minnesota Court Provisions**: The Plaintiffs also refer to Minnesota Court Rules - General Rules of Practice for the District Courts - Rule 355.02, Subd. 2, which endorses service by U.S. Mail when performed by a non-party who is at least 18 years of age. This provision bolsters the Plaintiffs' method of service via certified mail as valid and compliant with both Federal and State procedures.

5. **Achievement of Service Rule Purpose**: The overarching aim of service is to ensure that the defendant receives adequate notice and has the opportunity to respond. Compass's motion to dismiss, premised on alleged improper service, unmistakably indicates that they received actual notice and elected to engage with the proceedings, thus negating any argument for dismissal on the grounds of service inadequacy.

In summary, the Plaintiffs maintain that Compass failed to meet the response deadline as explicitly outlined in the Federal Rules of Civil Procedure. Compass's filing on February 20, 2024, postdates the conclusion of the 21-day period which ended on February 15, 2024. Hence, the Plaintiffs stand by their Motion for Default Judgment and urge the Court to deny the Defendants' motion to dismiss for tardiness in filing a responsive pleading. The Plaintiffs reiterate that the timely administration of justice, as prescribed by the procedural rules, must prevail without undue delay or contravention of clear legal directives.

Dated:  March 24th, 2024                                     RESPECTFULLY SUBMITTED,

                                                                       BY:      /s/ *Preston Byron Knapp*
                                                                                  Preston Byron Knapp
                                                                                  Plaintiff, Pro Se
                                                                                  Pknapp5@gmail.com
                                                                                  (262) 496-8083

                                                                                /s/ *Michelle Nichole Knapp*
                                                                                Michelle Nichole Knapp
                                                                                Plaintiff, Pro Se
                                                                                Michelleknapp@gmail.com
                                                                                 (540) 931-5682

## Certificate of Service

       Plaintiffs certify that on March 24th, 2024, the foregoing *PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT* was filed with the Clerk of this Court via ECF.  We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com