UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp and Michelle Nichole Knapp,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Minnesota, LLC and Daniel Phillip Hollerman.<br><br>Defendants. | Case No. 0:24-cv-00100-SRN-DTS<br><br><br>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## **INTRODUCTION**

Preston Byron Knapp and Michelle Nichole Knapp's ("the Knapps") Opposition to the Motion to Dismiss filed by Defendants Daniel Philip Hollerman ("Hollerman") and Compass Minnesota, LLC ("Compass") (collectively, "Defendants") is a jumbled mess of citations to irrelevant case law, mischaracterizations of such case law, and difficult to follow arguments.

What is apparent from the Knapps' response is that the Knapps' claims brought pursuant to federal statutes (Counts 3 through 6) are entirely without merit. Indeed, with respect to their Count 3 claim for civil penalties pursuant to 12 U.S.C. § 504, the Knapps expressly admit that Defendants are not subject to penalties under the statute and claim their "reference" to the statute is merely "meant to provide context" to their state law claims. The Knapps further claim that Counts 4, 5, and 6, which allege violations of various criminal statutes, were "not brought forth to invoke a private right of action or to enforce

the federal criminal statutes," but rather to "provide a legal basis and context for Defendants' conduct." Thus, the Knapps have essentially admitted that their federal law claims are not only meritless but were also included in the Complaint for an improper purpose—allegedly to provide "context."

The Knapps' state law claims fare no better. In their Opposition to Defendants' Motion, the Knapps again fail to identify any contractual provisions that Defendants have allegedly breached, instead claiming Defendants breached some unidentified "implied" contractual obligations. Likewise, the Knapps still fail to identify any actions by Defendants that could constitute a breach of fiduciary duty, instead insisting "discovery will reveal the nature of the breach."

Finally, the Knapps assert that Rule 4 of the Federal Rules of Civil Procedure is permissive, and that service by mail is not precluded by the federal or state rules. the Knapps provide no authority for this argument, instead relying on their own erroneous interpretation of the rules. In fact, substantial compliance with the rules for service of process is required, and the Knapps have failed to demonstrate such compliance.

The Complaint against Defendants must be dismissed with prejudice.

## ARGUMENT

**I.      The Knapps' Admit their Federal Claims are Meritless.**

The Knapps admit their Title 12 and Title 18 claims lack merit. The Knapps' Complaint asserts Defendants are liable for violations of 12 U.S.C. § 504, 18 U.S.C. § 1956, 18 U.S.C. 2314, and 18 U.S.C. §1348. (See E.C.F. Doc. 1 at pp. 11–13.) When Defendants confronted the Knapps, explaining they had no standing to bring such claims,

the Knapps insisted their Complaint pled the necessary facts and refused to dismiss those claims. However, in their response to Defendants' Joint Motion to Dismiss, the Knapps have changed course, now stating they are not asserting those claims against Defendants, and they are merely included for "context." (*See* Plfs.' Resp. in Opp. to Defs.' Mot. to Dismiss, ECF No. 35.) Despite admitting their Title 12 or Title 18 claims are meritless, the Knapps continue to refuse to dismiss them, going so far as to assert their claims are "neither frivolous nor unfounded" and that "their claims are well-founded, and that sufficient factual detail has been provided to survive a motion to dismiss." (*Id.* at 24, 29.) The Knapps cannot have it both ways—their claims either need to be supported by sufficient assertions in their Complaint to establish a claim for which relief can be granted—which they are not—or their claims need to be dismissed.

The Knapps further admit that Defendants are not banks and that they have no standing to bring their claim under Count 3 for violations of 12 U.S.C. § 504. Defendants have already thoroughly briefed why the Knapps claim under Count 3 fails as a matter of law, and apparently the Knapps agree. In their response to Defendants' motion, the Knapps acknowledge that Defendants are not banks, and that they have no standing to assert claims under § 504. (*Id.* at 23.) To be sure, the Knapps now assert that Count 3 "is not intended to assert that Defendants are banks or that they are directly liable under these banking statutes" and that the reference to section 504 was merely to "provide context" for their breach of contract and breach of warranty claims. (*Id.*) Despite acknowledging their claim is frivolous, the Knapps continue to assert they have a right to discovery, and that their claim should not be dismissed. There is no question the Knapps claims under section 504

3

are frivolous, as Defendants are admittedly not banks, and the Knapps admittedly have no standing to bring a private claim. Therefore, Count 3 of the Knapps' Complaint should be dismissed with prejudice.

Similarly, the Knapps admit they have no private right of action to bring their Title 18 claims under Counts 4, 5, or 6. In their Complaint, the Knapps allege Defendants violated Title 18 in three ways: (1) by purportedly laundering monetary instruments in violation of 18 U.S.C. §1956; (2) by purportedly transporting stolen securities in violation of 18 U.S.C. § 2314; and (3) by purportedly committing securities and commodities fraud in violation of 18 U.S.C. § 1348. (*See* Compl.) As Defendants previously briefed, none of the Title 18 claims cited by the Knapps provide a private right of action—these are criminal statutes to be prosecuted by the United States attorney. Apparently, the Knapps now agree.

In their response briefing, the Knapps now claim that Counts 4, 5, and 6 are "not brought forth to invoke a private right of action or to enforce the federal criminal statues themselves." (Plfs.' Resp. in Opp. to Defs.' Mot. to Dismiss at 27.) Instead, like with Count 3, the Knapps claim Counts 4, 5, and 6 are asserted to "provide a legal basis and context for Defendants' conduct…" (*Id.*) Despite acknowledging they have no standing to bring Title 18 claims, and asserting their Complaint does not seek to enforce such claims, the Knapps still refuse to dismiss Counts 4, 5, and 6. There is no question the Knapps cannot assert their Title 18 claims—they admit as much. Therefore**,** Counts 4, 5, and 6 must be dismissed with prejudice.

4

**II.     The Knapps Cannot Simply Wait Until Discovery to Adequately Plead their Fraud Claim.**

In addition to lacking standing to bring Count 6, the Knapps have failed to plead their allegations of fraud with particularity. The Knapps assert Defendants have committed securities or commodities fraud in Count 6 of their Complaint. (Compl. at 8.) However, as described in Defendants' brief in support of dismissal, the Knapps failed to plead any specific allegations of fraud or fraudulent conduct, as required by Rule 9 of the Federal Rules of Civil Procedure.

In their response to Defendants' Joint Motion to Dismiss, the Knapps contend "the Complaint details Defendants' actions sufficiently to give notice of the particular grounds of the claim" yet they go on to state they "*seek the opportunity to demonstrate, through discovery*, the connections between Defendants' actions and the legal standards expressed in the cited federal statues…" (*Id.* at 28–29 (emphasis added).) The Knapps acknowledge they have not pled their claim of fraud with particularity—instead, they apparently seek to do so through discovery. However, discovery should not be used as a fishing expedition to determine if a plaintiff has a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007) (dismissing complaint as it was merely a fishing expedition). The Knapps have failed to plead their claims of fraud with particularity, and as such their Count 6 claim for securities fraud should be dismissed with prejudice.

**III.    The Knapps Still Fail to Identify Any Contractual Provision that Defendants Have Allegedly Breached.**

In response to Defendants' Motion, the Knapps argue that they sufficiently identified the contract(s) that were allegedly breached by Defendants because they "have

5

clearly alluded to a specific set of Contracts and Documents that form the basis of the commercial relationship between the parties."

Notably, the Complaint does *not* identify the Contracts and Documents as the basis for the Knapps' breach of contract claim. While it lists the Contracts and Documents in the "General Factual Allegations," nowhere in the Complaint does it state that Defendants breached the Contracts and Documents. Instead, it merely states Defendants received and ignored the "orders" of Williams, and "Due to this breach of contract, plaintiffs were not able to complete the purchase of the requested home." (Compl. ¶ 68.)

In addition, Defendants are not parties to several of the Contracts and Documents. For example, the Purchase Agreement for the property located at 9350 Forest Road is between the Knapps and Dennis and Kathy Brekken. (*See* Declaration of Robert Kouba dated February 20, 2024 ("Kouba Decl.") Ex. D.) Likewise, the Purchase Agreement for the property located at 2624 North Saunders Lake Drive is between the Knapps and August and Annie Bell. (*See* Kouba Decl. Ex. C.) Defendants are not parties to these agreements, and therefore could not possibly have breached them. *See Superior Constr. Servs. v. Dennis*, 2021 Minn. Dist. LEXIS 8136, *7 (Anoka Cty. Ct. Sep. 23, 2021) ("[A] non-party to a contract may not be held liable for breach of contract.").

Moreover, the Knapps still fail to identify any specific terms of the Contracts and Documents that were allegedly breached. Instead, the Knapps claim that Defendants' refusal to follow Williams' orders "constitutes a failure to fulfill contractual obligations that are implied within the nature of the Contracts and Documents." Yet the Knapps fail to identify these alleged "implied" contractual obligations.

6

"To plausibly plead breach of contract, it is not enough to allege that the defendants acted contrary to an agreement. The plaintiff must allege sufficient details for the Court to infer that a material term of the contract has been breached." *Hopper v. BMO Harris Bank, N.A* (D. Minn. Aug. 2, 2023). The Knapps' Complaint fails to provide sufficient details for Defendants or the Court to determine which of the Contracts and Documents the Knapps claim that Defendants breached, much less what material terms were allegedly breached.

Because the Knapps fail to identify any specific contractual terms that were allegedly breached by Defendants, either express or implied, the Knapps' claim for breach of contract fails to state a claim upon which relief can be granted.

## IV. The Knapps Still Fail to Identify Any Actions by Defendants That Constitute a Breach of Fiduciary Duty

The Knapps assert they have sufficiently stated a claim for breach of fiduciary duty. However, the Knapps still fail to identify any actions by Defendants that could constitute a breach of fiduciary duty, instead asserting that "the discovery process will provide evidence that Defendants breached the fiduciary duties of good faith and loyalty."

This assertion is merely a legal conclusion and is insufficient to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While the Knapps need not provide specific facts in support of their allegations, they are required to plead "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (citing *Twombly*, 127 S. Ct. at 1964-65 & n.3). *See also Haddley v. Isanti County*, 2016 U.S. Dist. LEXIS 201647, *5

7

("[T]he scope of discovery is intended to focus on the actual claims or defenses that are issue in the litigation. As such, parties are not entitled to discovery for the purpose of developing new claims or defenses that are not already identified in the pleadings." (citations omitted)).

The Knapps have not plead any facts indicating they are plausibly entitled to relief under a breach of fiduciary duty theory. The only alleged wrongful conduct the Knapps identify in their Complaint is Defendants' refusal to follow the "orders" of Williams. The Knapps provide no authority to support their assertion that Defendants had any obligation, either contractual or fiduciary, to follow Williams' "orders" to exchange the Contracts and Documents for Federal Reserve notes or that such an exchange was even possible. In contrast, Defendants' opening brief explained at length why Defendants could not follow Williams' orders.

As such, Defendants' refusal to follow the Knapps' "orders" cannot support a claim for breach of fiduciary duty, and Plaintiffs have failed to state a claim for breach of fiduciary duty.

**V.     The Knapps Appear to Misunderstand the Legal Standard Applicable to Motions to Dismiss.**

Finally, the Knapps also raise various "general objections" and arguments related to the legal standard to be applied and the evidentiary support needed to bring a motion to dismiss. The Knapps' objections appear to be based on their misreading of case law and a misunderstanding of the applicable legal and procedural standards for a motion to dismiss.

First, the Knapps assert Defendants' Motion is improper because it is not accompanied by "proper affidavits or depositions." In support of this argument, the Knapps cite to *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), claiming the case "established that a motion to dismiss for failure to state a claim, if not accompanied by proper affidavits or depositions, is incomplete."[1] The Knapps omit an important portion of the holding in *Trinsey*. The court expressly stated, "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete *because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c)*." *Id.* at 649 (emphasis added).

Unlike the moving party in *Trinsey,* Defendants' Motion does not ask the Court to consider facts outside the record that have not been properly presented. Instead, Defendants ask the Court only to consider the Complaint itself, as well as the Contracts and Documents that were expressly referenced in the Complaint. On a motion to dismiss, courts may consider the pleadings, as well as "materials that are necessarily embraced by the pleadings," including "documents incorporated into the complaint by reference." *Bachman's Inc. v. Florists' Mut. Ins. Co.*, 525 F. Supp. 3d 984, 986 (D. Minn. 2021). "In a case involving a contract, the court may examine the contract documents in deciding a

---

[1] The Knapps also appear to conflate a Rule 12 motion to dismiss with a motion for summary judgment pursuant to Rule 56. While a motion for summary judgment must be supported by citations to the record, such as depositions and affidavits, *see* Fed. R. Civ. P. 56(b), there is no such requirement for a motion to dismiss under Rule 12(b)(6). Instead, "a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

motion to dismiss. This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation and quotation omitted). The Declaration of Robert Kouba dated February 20, 2024 merely attaches the Contracts and Documents referenced in the Knapps' Complaint for the Court's consideration.

The Knapps also claim that "Kouba Declaration, Exhibit B" is "an unsworn declaration from the attorney of record" and therefore should be considered hearsay. However, pursuant to 28 U.S.C. § 1746, an unsworn declaration has the same effect as an affidavit or sworn declaration provided that, if it is executed within the United States, it includes the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." The Kouba Declaration contains this language and therefore has the same effect as a sworn declaration.

The Knapps next argue that, because they are *pro se*, they must be held to a more lenient standard. While *pro se* complaints are liberally construed, even *pro se* litigants must set forth their claims "in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981); s*ee also Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[The Court] will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."). Thus, while the Knapps are correct that a more liberal standard is to be applied to a *pro se* complaint, that does not

excuse them from asserting sufficient facts to demonstrate they are plausibly entitled to relief under any of their legal theories. They have failed to do so, and dismissal is appropriate.

The Knapps also cite to *Dwares v. City of New York,* 985 F.2d 94 (2nd Cir. 1993), and assert, "Liability under § 1983 can attach where a private individual collaborates with a state actor to violate a federal right. Our Complaint alleges facts which, taken as true, could plausibly suggest such collaboration between Defendants and state actors to the detriment of the Plaintiff's rights."

The Knapps' reliance on *Dwares* is completely misplaced. In *Dwares*, the plaintiff sued the City of New York, various police officers, and a group of individual defendants for violations of 42 U.S.C. § 1983. *Id.* at 96. The plaintiff alleged that the City and police officers conspired with the individual defendants to violate his First Amendment rights when the police failed to intervene when the individual defendants assaulted the plaintiff at a political rally. *Id.* at 96-97. The court reversed the trial court's dismissal of the plaintiff's complaint, in part because the court found the complaint included sufficient details to state a claim of conspiracy under § 1983. *Id.* at 99. The court explained, "[A] plaintiff … should make an effort to provide some details of time and place and the alleged effect of the conspiracy…. complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 100 (internal citations and quotations omitted).

Here, the Knapps did not assert a claim under section 1983, and they cannot amend their complaint by raising entirely new claims in their brief in opposition to Defendants' Motion to Dismiss. *See Hamilton-Warwick v. Volkswagen Grp. of Am.*, 2018 U.S. Dist. LEXIS 129797, *8 ("Plaintiff cannot amend her Complaint in a brief in opposition to a Motion to Dismiss."). Furthermore, the Knapps' Complaint contains zero factual allegations that would support a claim for violation of section 1983. The Complaint does not identify any state actors with whom Defendants allegedly conspired, the date, time, or place of the alleged conspiracy, the effect of the conspiracy, or the specific rights that were allegedly violated. Thus, not only did the Knapps not plead a claim for violation of section 1983, but the court's holding in *Dwares* would support dismissal of such a claim if it had been plead.

The Knapps next claim that there are "serious jurisdictional challenges" that must be addressed, stating, "[T]he line of cases on void judgments (e.g., *Wahl v. Round Valley Bank*, *Milliken v. Meyer*) underscores the fundamental principle that a judgment rendered by a court without proper jurisdiction is void from the outset." It is unclear why the Knapps believe there are "jurisdictional challenges" in this matter. "Jurisdiction refers to a court's power to hear and decide disputes." *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 584 (internal quotation omitted). As the Knapps chose to bring their claims in federal court for the District of Minnesota and asserted in their Complaint that this Court has jurisdiction, presumably they do not mean to challenge the Court's ability to hear their claims.

12

The Knapps also inexplicably cite to *Lujan v. Defenders of Wildlife* and assert they have Article III standing. No one has challenged the Knapps' standing to assert their breach of contract and breach of fiduciary duty claims. The only challenge to standing made by Defendants relates to their standing to bring their federal claims. As explained above, the Knapps' appear to have conceded they do not have standing to assert such claims, so any arguments related to standing are moot.

In sum, the Knapps' "general objections" to Defendants' Motion to Dismiss are premised on citations to inapplicable case law and apparent misunderstandings of the legal standards and procedures applied to motions to dismiss.

## CONCLUSION

Based upon the foregoing, as well as the arguments set forth in Defendants' Memorandum in Support of their Joint Motion to Dismiss, Defendants' Motion should be granted, and the Knapps' Complaint should be dismissed in its entirety, with prejudice.

**FOLEY & MANSFIELD, PLLP**

Dated: March 26, 2024   By: */s/ Tessa Mansfield Hirte*
Tessa Mansfield Hirte (#0396591)
Michael S. Kernstock (#0398879)
250 Marquette Avenue, Suite 540
Minneapolis, MN  55401
Telephone:  (612) 338-8788
Email:  tmansfield@foleymansfield.com
           mkernstock@foleymansfield.com

Attorneys for Defendant Compass Minnesota, LLC

13

**CHRISTENSEN SAMPSEL PLLC**

Dated:  March 26, 2024   By:  */s/ Carl E. Christensen*
　　　　　　　　　　　　　　　Carl E. Christensen (#350412)
　　　　　　　　　　　　　　　Ryan P. Supple (#395838)
　　　　　　　　　　　　　　　Robert Kouba (#398428)
　　　　　　　　　　　　　　　305 North Fifth Avenue, Suite 375
　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　Telephone:  (612) 473-1200
　　　　　　　　　　　　　　　Email:  carl@christensensampsel.com
　　　　　　　　　　　　　　　　　　　ryansupple@ christensensampsel.com
　　　　　　　　　　　　　　　　　　　robert@ christensensampsel.com

　　　　　　　　　　　　　　　Attorneys for Defendant Daniel Hollerman