# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Bryon Knapp and Michelle Nichole Knapp,<br><br>    Plaintiffs,<br><br>v.<br><br>Compass Minnesota, LLC and Daniel Phillip Hollerman,<br><br>    Defendants. | Case No. 0:24-cv-00100-SRN-DTS<br><br>**DEFENDANT DANIEL HOLLERMAN'S MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY FEES** |

## INTRODUCTION

Defendant Daniel Philip Hollerman ("Hollerman") submits this memorandum of law in accordance with the Court's Order from oral argument on May 29, 2024, and the associated text only minute entry from May 29, 2024 [ECF No. 56], granting Hollerman's and Defendant Compass Minnesota, LLC's ("Compass") Joint Motion for Sanctions [ECF No. 44], as well as the Court's June 4, 2024 Order [ECF No. 59] granting Defendants' joint Motion to Dismiss [ECF No. 10], denying Plaintiffs' Motions for Default Judgment as to both Defendants [ECF Nos. 27, 30], and denying Plaintiffs' Motion to Compel Communication [ECF No. 22]. On May 29, 2024, the Court granted Defendants' joint motions, denied Plaintiffs' motions, and ordered Defendants to "submit an affidavit and supporting evidence showing their reasonable attorneys' fees and other expenses associated with Defendants' Motion to Dismiss [Doc. No. 10], Plaintiffs' Motion

to Compel Communication with Attorney-in-Fact [Doc. No. 22], Plaintiffs' Motions for Default Judgment as to Hollerman [Doc. No. 27] and Compass [Doc. No. 30], and Defendants' Joint Motion for Sanctions…" [ECF No. 56]. Accordingly, and as set forth in more detail below, Hollerman respectfully request that the Court award attorney fees, costs, and expenses in the amount of $27,816.83, as well as any additional sanction the Court deems appropriate.[1]

## ARGUMENT

Hollerman's defense in this matter is significant—he has incurred substantial costs and fees for having to defend Plaintiffs' frivolous complaint and baseless motions. Where the Court makes a finding that a party to litigation has violated Rule 11, it may order the offending party to pay "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Furthermore, when the Court denies a motion to compel, it "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party…who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). In its June 4, 2024, Order [ECF No. 59] addressing all of the pending motions except for the Joint Motion for Sanctions,

---

[1] It appears that Plaintiffs' have continued to ignore the Court's rules. Based on social media posts by Brandon Joe Williams, it appears that Plaintiffs, during the 90-day restricted window required by Local Rule 80.1, transmitted the transcript of the May 29, 2024, hearing to Mr. Williams, who then appears to have transmitted it to his followers. *See* Declaration of Carl Christensen ("Christensen Decl.") ¶¶ 38–44. Pursuant to Local Rule 80.1, transcripts are restricted and unavailable to the public, for a period of 90 days, and can only be viewed by: (1) court staff; (2) persons using public terminals in the clerk's office; (3) parties who have purchased the transcript; and (4) other persons as ordered by the Court. LR 80.1(b)(2)(A–D).

2

the Court found, among other things, that Plaintiffs' "have not plausibly alleged any cause of action under these statutes" and that Plaintiffs' motion to compel is "entirely baseless…[and that ] [t]her is no provision under the Rule allowing for a motion to compel communication with a third party."(Order at pp. 12, 20.) Furthermore, during the May 29, 2024 hearing on the Joint Motion for Sanctions, the Court characterized Plaintiffs lawsuit as utterly frivolous. Accordingly, and pursuant to Fed. R. Civ. P. 11(c)(4) and Fed. R. Civ. P. 37(a)(5)(B), Hollerman is entitled to recover his reasonable attorney fees, costs, and expenses in the amount of $27,816.83. (*See* Declaration of Carl Christensen ("Christensen Decl.") ¶ 35, 37); *see also* Declaration of Daniel Hollerman ("Hollerman Decl.") ¶ 17.)

**A.     The Attorney Fees that the Hollerman Incurred Were Necessary to Defend Against Plaintiffs' Frivolous Complaint and Motions.**

The number of hours spent on the matter was reasonable. The starting point for determining the reasonableness of a fee award is to use the lodestar method, reviewing a reasonable hourly rate and the number of hours reasonably spent on the matter. *See Murphy v. Aurora Loan Serv's, LLC*, 859 F. Supp. 2d 1016, 1023 (D. Minn. 2012)[2] (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court considers a number of factors, including: the time and labor required; the novelty and difficulty of the issues; the efficiencies of the attorney performing the work; and the prevailing market rates for services by lawyers of

---

[2] The sanction imposed in *Murphy* was ultimately upheld on remand. *See* Civ. No. 11-2750 ADM/JJK, 2013 WL 4780989 at *6 (D. Minn. Sept. 5, 2013).

3

reasonably comparable skill, experience, and reputation. *Id.* Hollerman seeks the fees incurred for having to prepare and defend this matter, including, among other things, the drafting of the Safe Harbor Notice required by Fed. R. Civ. P. 11, as well as for the drafting of the Rule 11 and Rule 12 motion papers and related memoranda, responding to Plaintiffs' motion for default judgment and motion to compel communications, preparing for and attending the May 2024 motion hearing, and drafting this memorandum and related papers. (*See* Christensen Decl. ¶ 34.)

The time expended to defend this action, while significant, was necessary because of the sheer volume of Plaintiffs' filings. Reviewing Plaintiffs' Complaint, attempting to decipher Plaintiffs' variation of the "redemption" scheme argument, and responding to Plaintiffs' baseless motions was a time-consuming endeavor but commensurate to the task. Preparing a response to the complaint was made more difficult by the manner with which Plaintiffs framed their legal claims against Hollerman, coupled with their insistence that Hollerman converse with their "attorney-in-fact" Brandon Joe Williams. Despite counsel's efforts to point out to Plaintiffs that their claims, and repeated demands to communicate with Mr. Williams, had no legal merit, Plaintiffs refused to relent. Then, in their briefing, Plaintiffs for the first time conceded they were not seeking certain claims against Hollerman that had no legal basis. Despite this concession, Plaintiffs still refused to dismiss their baseless claims, and continued to demand Hollerman communicate with Brandon Joe Williams.

Moreover, counsel for Hollerman has already discounted a number of the time entries on this case. A number of the time entries for work actually performed were reduced to, and billed out at, a $0.00 hourly rate to help preserve Hollerman's out-of-pocket costs and guard against cumulative billing related to Plaintiffs' successive filings. (*See id.* ¶¶ 33, 34, 37.)

Plaintiffs made a calculated decision to entangle Hollerman in this fruitless endeavor and refused to dismiss him despite having multiple opportunities to do so. Plaintiffs' recalcitrance is the sole cause for the amount of the attorney fees that Hollerman has incurred.

### B. Hollerman's Fees are Reasonable.

The customary billing rates here are consistent with, if not less than, rates charged by similar firms for staff with similar backgrounds and experience. Hollerman's counsel charged reasonable rates for their services. Carl Christensen appropriately billed $450 per hour up until January 1, 2024, and then $500 per hour after, for his time on this matter. (Christensen Decl. ¶ 30.) Mr. Christensen has been licensed to practice law since 2005 and focuses the majority of his practice real estate, consumer, contract, and intellectual property law. (*Id.* ¶ 13.) Mr. Christensen leads the firm's consumer law, business litigation, real estate litigation, trademark litigation, and appellate practice groups. (*Id.*) Mr. Christensen has represented clients in all stages of litigation, including through trial and appeal. (*Id.* ¶ 14.) Mr. Christensen has spoken extensively on matters of debtors' remedies, real estate, and consumer law, having presented twenty-two

5

Continuing Legal Education seminars since 2010. (*Id.* ¶ 15.) Mr. Christensen is admitted to practice in all Minnesota state courts, in New York state court, in the United States District Courts, Districts of Minnesota, Colorado, and the Southern District of New York, the United States Court of Appeals for the Eighth Circuit, and the United States Court of Appeals for the Tenth Circuit. (*Id.* ¶ 20–22.) Mr. Christensen's total time spent on this matter equaled 23.30 billable hours for $10,135.00. (*Id.* ¶ 31.)

    The remaining work performed for the benefit of Hollerman by Attorney Sampsel, Attorney Wilcox, Attorney Kouba, Clerk Ladipo, Clerk Maglio, Clerk Hoffer, and the firm's support staff is similarly reasonable. Mr. Sampsel was admitted to practice law in 2016 and focuses his practice on ethics defense, business litigation, real estate litigation, and contract litigation. (*Id.* ¶ 31(a).) Mr. Sampsel has represented clients in all stages of litigation, from trial to appeal. (*Id.*) Mr. Sampsel appropriately billed $400 per hour for his representation. Mr. Sampsel's time on this matter equaled 2.40 billable hours for a total of $840.00. (*Id.*)

    Mr. Wilcox was admitted to practice law in 2011 and focuses his practice on real estate litigation, contract litigation, and consumer litigation. (*Id.* ¶ 31(b).) Mr. Wilcox has represented clients in all stages of litigation, from trial to appeal. (*Id.*) Mr. Wilcox appropriately billed $375 per hour for his representation. Mr. Wilcox's time on this matter equaled 1.30 billable hours for a total of $487.50. (*Id.*)

Mr. Kouba was admitted to practice law in 2016 and focuses his practice on business litigation, real estate litigation, contract litigation, and consumer litigation. (*Id.* ¶ 31(c).) Mr. Kouba has represented clients in all stages of litigation, from trial to appeal. (*Id.*) Mr. Kouba appropriately billed $300 per hour for his representation. Mr. Kouba's time on this matter equaled 49.30 billable hours for a total of $14,790.00. (*Id.*)

The hourly rate of the firm's paralegal, at $125 per hour until January 1, 2024, and then $140 per hour, is consistent with the prevailing market rate for paralegal work in the Twin Cities. Total paralegal time on this matter equaled 4.50 billable hours for a total of $627.00. (*Id.* ¶ 31(g).)

The hourly rate of the firm's law clerks, at $85 per hour until January 1, 2024, and then $95 per hour, is similarly consistent with the prevailing market rates. The total law clerk time on this matter equaled 8.8 billable hours for a total of $834.00. (*Id.* ¶¶ 31(d)–(f).)

Lastly, the costs incurred were reasonable. Hollerman incurred fees and costs to defend against and responding to Plaintiffs' frivolous complaint and baseless motions. The total amount of fees and costs incurred in this matter total $94.33. (*Id.* ¶ 34(j).)

After factoring in the efficiencies of, and discounts extended by, Hollerman's counsel, the total amount of the attorney fees, costs, and expenses incurred to defend this action equal $27,816.83. (*Id.* ¶ 35, 37.)

## **CONCLUSION**

7

For the reasons above, Hollerman's fees, costs, and expenses were necessary to properly and adequately defend against Plaintiffs' frivolous complaint and baseless motions. The time spent on the matter is reasonable under the circumstances and the fees incurred are consistent with the prevailing market rates for the Twin Cities by lawyers of reasonably comparable skill, experience, and reputation. Accordingly, the Court should award Hollerman the entirety of the attorney fees, costs incurred and order Plaintiffs Preston Byron Knapp and Michelle Nichole Knapp to pay Hollerman $27,816.83 within 10 days of the issuance of an order on this matter.

Respectfully,

**CHRISTENSEN SAMPSEL PLLC**

Dated: June 14, 2024

/s/ Robert J. Kouba
Carl E. Christensen (#350412)
Ryan P. Supple (#395838)
Robert J. Kouba (#398428)
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
Ph: (612) 473-1200
carl@christensensampsel.com
ryansupple@christensensampsel.com
robert@christensensampsel.com

*Attorneys for Defendant Daniel Hollerman*