UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

**Cause No: 24-cv-100 SRN/DTS**

|  |  |
|---|---|
| PRESTON BYRON KNAPP;<br>MICHELLE NICHOLE KNAPP.<br><br><br>*Plaintiffs,*<br><br>vs.<br><br>COMPASS MINNESOTA, LLC;<br>DANIEL PHILIP HOLLERMAN (*official and individual capacities*).<br><br><br>*Defendants*. | Honorable Judge Susan Richard Nelson<br>Magistrate Judge David T. Shultz |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DECLARATION OF CARL E. CHRISTENSEN REGARDING ATTORNEY FEES (dkt. 64) AND DECLARATION OF DANIEL PHILLIP HOLLERMAN REGARDING ATTORNEY FEES (dkt. 65)**
**INTRODUCTION**

COME NOW, Plaintiffs PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP

(hereinafter "PLAINTIFFS"), by and through, Preston Byron Knapp and Michelle Nichole Knapp

(collectively, "agents") and respectfully submit this *RESPONSE IN OPPOSITION TO THE*

*DECLARATION OF CARL E. CHRISTENSEN REGARDING ATTORNEY FEES (dkt. 64) and the*

*DECLARATION OF DANIEL PHILLIP HOLLERMAN REGARDING ATTORNEY FEES (dkt. 65).*

*PLAINTIFFS* contest the reasonableness and necessity of the attorneys' fees and costs claimed by

Defendant Daniel Phillip Hollerman (hereinafter "DEFENDANT") as outlined in the declarations and

supporting documents. PLAINTIFFS assert that the fees and costs are excessive, unwarranted, and not

proportionate to the complexity or merits of the case. Furthermore, PLAINTIFFS argue that the

imposition of such fees and costs would unjustly penalize them for exercising their constitutional rights to

seek redress through the courts. Accordingly, PLAINTIFFS request that this Honorable Court deny DEFENDANT's request for attorneys' fees and costs in its entirety or significantly reduce the amount claimed.

**FACTS**

1.  **Exercise of Constitutional Rights**

In ***Sherar v. Cullen*, 481 F.2d 946 (1973)**, the court held that "there can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights." This foundational principle underscores that any attempt to impose penalties or sanctions on PLAINTIFFS for their legitimate exercise of constitutional rights, such as seeking redress through the courts, is fundamentally unjust and legally impermissible.

2.  **Failure to Follow the Order of the Court**

Even if the Plaintiffs' Constitutional Rights were not preserved, the Honorable Judge Nelson's Order (Id. at dkt. 59 ¶ 4) and the corresponding Judgment (Id. at dkt. 61 ¶ 4) clearly state, "Defendants **shall submit an affidavit** and supporting evidence showing their reasonable attorneys' fees and other expenses associated with the Motion to Compel Communication [Doc. No. 22] on or before June 14, 2024." The Order of the Court clearly reads "shall" contain an affidavit. According to Merriam-Webster, "shall" is defined as "used in laws, regulations, or directives to express what is **mandatory**." (*See* Merriam-Webster Dictionary). The Defendant failed to file the required affidavit and thereby contravened the mandatory Order of this Honorable Court.

The declaration by Carl E. Christensen, which outlines the attorneys' fees and costs, includes charges that are excessive and not proportionate to the tasks performed. PLAINTIFFS believe that many of the billed hours reflect unnecessary or duplicative work, as well as inflated rates that are not justified by the nature of the case or the legal services provided.

Moreover, DEFENDANT's failure to submit the required affidavit contravenes the explicit mandate of the Court's Order. The use of "shall" in the Court's directive signifies a mandatory

requirement, which DEFENDANT has failed to fulfill. This failure further undermines the validity of the claimed attorneys' fees and costs.

### 3. Inflated Fees and Costs

Even if the Defendant did provide their cost and fees in affidavit format, it is once again in contravention to the Court's Order and the corresponding Judgment. The Order and Judgment clearly state, "Defendants shall submit an affidavit and supporting evidence **showing their reasonable attorneys' fees and other expenses associated with the Motion to Compel Communication** [Doc. No. 22] on or before June 14, 2024." Defendant's vastly inflated "*Declaration*" shows approximately 89.6 billable hours, most of which are not associated with the *Plaintiffs' Motion to Compel Communication*.

The excessive billing not only fails to comply with the Court's directive but also demonstrates an attempt to recover fees and costs that are not directly related to the specific motion at issue. This inflation of hours and costs is unjustifiable and places an undue burden on the PLAINTIFFS, who should not be held responsible for unrelated legal expenses.

<u>CONCLUSION AND REQUEST FOR RELIEF</u>

Based on the foregoing facts and arguments, PLAINTIFFS PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP respectfully request that this Honorable Court deny DEFENDANT Daniel Hollerman's request for attorneys' fees and costs, or significantly reduce the amount claimed. PLAINTIFFS assert that:

1. Any attempt to impose penalties or sanctions on PLAINTIFFS for their legitimate exercise of constitutional rights is fundamentally unjust and legally impermissible, as established in **Sherar v. Cullen, 481 F.2d 946 (1973)**.

2. DEFENDANT failed to follow the explicit mandate of the Court's Order by not submitting the required affidavit, thereby contravening a mandatory requirement.

3. Even if the affidavit had been properly submitted, the fees and costs claimed by DEFENDANT are vastly inflated and not directly related to the *Motion to Compel Communication*, as required by the Court's Order.

In light of these points, PLAINTIFFS request the following relief from the Court:

1. **Denial of Fees and Costs**: Deny DEFENDANT's request for attorneys' fees and costs in its entirety due to their failure to comply with the Court's Order and the excessive nature of the claimed fees.

2. **Reduction of Claimed Amount**: If the Court finds that some fees and costs are warranted, significantly reduce the amount claimed to reflect only those reasonable expenses directly associated with the Motion to Compel Communication.

3. **Preservation of Constitutional Rights**: Affirm PLAINTIFFS' right to seek redress through the courts without facing unjust penalties or sanctions.

PLAINTIFFS respectfully request that the Court grant the relief outlined above and ensure that the proceedings are conducted in a manner that is fair, just, and consistent with the principles of due process.

Dated:  June 26th, 2024

RESPECTFULLY SUBMITTED,

BY:    /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

## Certificate of Service

Plaintiffs certify that on June 26th, 2024, the foregoing *RESPONSE IN OPPOSITION TO THE DECLARATION OF CARL E. CHRISTENSEN REGARDING ATTORNEY FEES (dkt. 64) and the DECLARATION OF DANIEL PHILLIP HOLLERMAN REGARDING ATTORNEY*

*FEES (dkt. 65)* was filed with the Clerk of this Court via ECF.  We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com