UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

**Cause No: 24-cv-100 SRN/DTS**

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. *Plaintiffs,* vs. COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). *Defendants.* | Honorable Judge Susan Richard Nelson Magistrate Judge David T. Shultz |

## PLAINTIFFS' OBJECTION TO ORDER

COME NOW Plaintiffs, PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP, by and through, Preston Byron Knapp and Michelle Nichole Knapp (collectively, "agents"), respectfully submit this Objection to the Order issued by this Honorable Court on June 4, 2024 [Doc. No. 59]. This objection is filed to preserve the record for potential appellate review. Further, the Plaintiffs reserve all of their rights in this cause of action. Plaintiffs object to the Court's decision to grant Defendants' Motion to Dismiss the Complaint and to deny Plaintiffs' motions for default judgment and to compel communication with their attorney-in-fact. Plaintiffs believe the Court has overlooked critical aspects of the case that substantiate their claims and demonstrate that the Defendants have, indeed, breached their contractual and fiduciary duties. Additionally, Plaintiffs assert that the refusal to recognize their attorney-in-fact

and the improper dismissal of their claims has resulted in significant injustice, which warrants reconsideration and rectification by the Court. A comprehensive list of general objections is listed below:

## GENERAL OBJECTIONS

**General Objection #1**

On footnote 2 of page 4, there is a section describing how my attorney-in-fact, Mr. Williams, is engaging in "unlicensed practice of law as a matter of course." I would like it to be known that I have a right to privately contract in absolutely any way I see fit for private counsel. I have an entirely legal common law power of attorney that is currently active, and Mr. Williams has performed within the confines of that contract in his capacity as an attorney-in-fact. Neither myself nor the plaintiff, PRESTON BYRON KNAPP, are wards of the court or property of the court, requiring a private BAR membership in order to administer the court's property. This is the primary reason neither myself nor PRESTON BYRON KNAPP ever retained an attorney-at-law.

Additionally, the Supreme Court case ***NAACP v. Button*, 371 U.S. 415 (1963),** supports the principle that states cannot unduly inhibit the right to legal assistance and association under the guise of regulating the legal profession. In this case, the Court held that the NAACP's activities, including offering legal assistance and encouraging litigation to address racial discrimination, were protected forms of expression and association under the First and Fourteenth Amendments. This decision emphasizes that individuals and groups have the right to seek and provide legal assistance in pursuit of their goals, without being unfairly restricted by accusations of unauthorized practice of law.

**General Objection #2**

On footnote 2 of page 4, the term "Sovereign Citizen" appears to be used in an effort to connect Preston Byron Knapp/PRESTON BYRON KNAPP and Mr. Williams to a movement that has absolutely nothing to do with my pleadings. I have entered a complaint into the court which is a simple and meticulous series of definitions and the functionality of negotiable instruments in an effort to keep the complaint as short as possible while also building out a line of reasoning that is simple, short, and comprehensible. I have not entered the court as a belligerent lunatic and have been of good faith and of sound mind. The term "Sovereign Citizen" is a physical impossibility, as both myself and Mr. Williams are noncitizen nationals of the United States in accordance with 8 USC 1101(a)(22)(B). We both have passports issued pursuant to 22 USC 212. We are not "citizens" and have not behaved in this court in any way that would justify this label. The usage of the term "Sovereign Citizen" is an attempt to label us as "crazy" in order to continue to ignore all the carefully crafted aspects of the original complaint. The use of this term is abuse of discretion due to it being an egregious stretch of the imagination. These proceedings, all the way from their inception, have been nothing more than an attempt to avoid speaking about each point of the complaint, line by line. The complaint is self-evident, and each line item of the complaint has been crafted to carefully build my case from the ground floor up by using the specific definitions of law. I am an entirely peaceful person and do not appreciate a wild assumption that assumes that myself or PRESTON BYRON KNAPP are unpeaceful. My study and attempt at understanding the American law system is objective proof that I have a desire to learn and apply law in an honest way.

The prejudicial labeling of individuals as "Sovereign Citizens" can create a bias and undermine the fairness of judicial proceedings. In ***Estelle v. Williams*, 425 U.S. 501 (1976)**, the Supreme Court held that compelling a defendant to wear prison clothes during trial could create

a bias in the minds of the jurors and violate the defendant's right to a fair trial, as it undermines the presumption of innocence. Similarly, labeling plaintiffs as "Sovereign Citizens" unfairly prejudices the court against them and distracts from the substantive legal arguments presented in the complaint. This labeling serves to unjustly bias the proceedings and violates the fundamental principle of fair treatment under the law.

**General Objection #3**

The court order denied Plaintiffs' motions for default judgment against the Defendants, despite the well-pleaded Notice of Default and Motion for Default Judgment, as well as subsequent filings that clearly demonstrated that Defendants were properly served. Plaintiffs assert that the Defendants were duly served according to the procedural requirements, as evidenced by the certified mail receipts and the Notice of Service of Process filed with this court.

The Plaintiffs believe that the Defendants' failure to respond within the required timeframe constituted a default. The Defendants did not seek leave of the court for an extension of time to file their pleadings nor did they demonstrate any excusable neglect for their failure to respond timely. This lack of timely filing or request for an extension indicates that the Defendants were in default.

Furthermore, in ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)**, the Supreme Court underscored the necessity of proper service of process as fundamental to due process and the orderly administration of justice. This case emphasizes the importance of proper service of process and the requirement that a defendant must be properly served before the court can exercise jurisdiction over them. It underscores that proper service is fundamental to due process and the orderly administration of justice. If the Defendants were not properly served as the Court suggests in the Order, then the Court would not have obtained the jurisdiction to rule

on any of the Defendants' filings. Plaintiffs have complied with all service requirements, and Defendants' failure to respond or seek an extension further supports the argument for default judgment.

The denial of the Plaintiffs' motions for default judgment disregards the procedural rights of the Plaintiffs to seek such a judgment when the opposing party fails to meet the mandatory deadlines without any valid excuse. The procedural integrity of the court is compromised when the rules are not applied consistently and fairly to all parties.

The Plaintiffs have meticulously followed the court's procedures and have shown that the Defendants were given proper notice. The Defendants' disregard for the procedural rules and their failure to file any responsive pleadings in a timely manner should not be excused without valid justification. Therefore, Plaintiffs respectfully object to the denial of the default judgment and request that the court reconsider its decision in light of the Defendants' clear default and failure to comply with procedural requirements.

**General Objection #4**

In Section 2a, on page 12 of the court order, the assertion that the Defendants are not banks is irrelevant. When speaking about value and consideration, a negotiable instrument, such as a bill of exchange, would have the same value ("consideration") as any promissory note (such as a "Federal Reserve Note"). The Plaintiffs acknowledge and accept the Court's clarification that the notes and drafts in this case are not unconditional under UCC 3-106. After your orders, much additional research was conducted, and with the help of your writing, it is now understood that these items are not unconditional. We appreciate the Court's thorough explanation on this point.

However, there is no aspect of any "redemption" scheme or "sovereign citizen" aspect in this case. The agent of the Plaintiff, Preston Byron Knapp, is not a "citizen," but a noncitizen national in accordance with 8 USC 1101(a)(22)(B). Therefore, both PRESTON BYRON KNAPP and Preston Byron Knapp reject the implication or assumption made in subnote 4 on page 14. The references to "sovereign citizen" are unfounded and irrelevant to the actual legal arguments and facts presented in this case. These references serve only to distract from the substantive issues and unjustly prejudice the Plaintiffs.

The Plaintiffs have presented a well-reasoned and legally grounded argument concerning the negotiable instruments in question. The Defendants' status as non-banks does not alter the fundamental principles of value and consideration applicable to the instruments involved. The Plaintiffs have acted in good faith and with a sound understanding of the applicable laws and principles, devoid of any extraneous or irrelevant ideologies.

Therefore, the Plaintiffs respectfully object to the Court's characterization and irrelevant considerations regarding the Defendants' banking status and the unwarranted references to "sovereign citizen" concepts. The focus should remain on the substantive legal issues at hand, based on the clear definitions and principles outlined in the applicable laws.

**General Objection #5**

There appears to be additional irrelevant "notes" on page 15 of the court order regarding "sovereign citizens," "redemption," some kind of "TDA" account, "vapor money," etc. These references seem like a desperate attempt to label the Plaintiff, of which I am the agent, with entirely irrelevant and prejudicial aspects. It also seems like an overreach that could be construed as practicing law from the bench, which could be considered a "high misdemeanor" in accordance with 28 U.S. Code § 454.

I have no idea why so much effort and writing are being used to label my principal, PRESTON BYRON KNAPP, with such libelous labels when nothing in this suit would justify such a characterization. The issues at hand are straightforward and relate to the proper legal interpretation and application of negotiable instruments under the relevant laws. The inclusion of these irrelevant notes serves only to distract from the substantive legal arguments and unfairly prejudices the court against the Plaintiff.

The Plaintiff has acted in good faith and within the bounds of the law. The attempt to associate the Plaintiff with discredited and irrelevant ideologies such as "sovereign citizens" or "redemption" schemes is baseless and inappropriate. These references are not only irrelevant but also unjustly prejudicial, undermining the integrity of the judicial process.

Therefore, the Plaintiffs respectfully object to the inclusion of these irrelevant and prejudicial notes in the court order. The focus should remain on the substantive legal issues presented in the complaint, without resorting to unfounded and libelous labeling of the Plaintiff. The Plaintiff's legal arguments should be considered on their own merits, free from irrelevant and prejudicial assumptions.

**General Objection #6**

On page 16 of the court order, additional comments are made about the breach of fiduciary duties. The duty of the Defendants was to complete the transaction as agreed upon. The breach occurred when the Defendants failed to communicate with any party regarding the orders given by Mr. Williams, which were necessary to address and resolve issues in an honest and straightforward manner.

The causation of the breach is directly linked to the Defendants lack of communication, which ultimately derailed the transaction. This failure to communicate and fulfill their fiduciary

duty resulted in significant damages, including the present lawsuit and several months of wasted time that could have been avoided through a simple conversation regarding the applicable provisions of UCC Article 3.

The Defendants duty was clear: to act in the best interest of the Plaintiffs' and ensure the successful completion of the transaction. By ignoring the directives and failing to engage in necessary communications, the Defendants breached this duty. The resulting lack of progress and unnecessary delays have caused substantial harm to the Plaintiffs.

Therefore, the Plaintiffs respectfully object to the court's dismissal of the breach of fiduciary duty claims. The Defendants actions, or lack thereof, directly led to the current legal dispute and wasted time, which underscores the importance of their fiduciary duty and the consequences of their breach. The Plaintiffs' claims are valid and supported by the facts, highlighting the need for accountability for the Defendants failure to communicate and act in good faith.

**General Objection #7**

On page 19 of the court order, PRESTON BYRON KNAPP, acknowledges that, although there is an attorney-in-fact relationship, it is not able to be legally enforced via obligation. This acknowledgment does not negate the fact that the original orders were made under an entirely legal attorney-in-fact contractual obligation under common law and are therefore binding.

The ability to contract oneself or another, as in the case of PRESTON BYRON KNAPP, under an attorney-in-fact relationship, is a fundamental right. Any assertion or implication that would negate this ability constitutes a breach of rights under color of law, as per 18 USC 242 and 18 USC 241, and may also be seen as an act of involuntary servitude or enticement into slavery.

The orders given under the attorney-in-fact relationship were made in good faith and in accordance with the established common law principles governing such relationships. The court's attempt to dismiss or undermine these orders violates the Plaintiffs' rights to freely contract and to have those contracts respected and enforced.

Therefore, the Plaintiffs respectfully object to any statements or implications in the court order that would invalidate or diminish the binding nature of the attorney-in-fact relationship and the orders given under it. Such actions would infringe upon the Plaintiffs' rights and could potentially constitute serious legal violations under federal law. The Plaintiffs' right to contract and to have those contracts upheld must be recognized and protected.

**General Objection #8**

On page 22 of the court order, there is a lengthy discussion regarding Mr. Williams. It is important to clarify that Mr. Williams is not appearing "as attorney or counselor at law in any action or proceeding in any court in this state." Additionally, Mr. Williams is not a U.S. citizen, nor is he domiciled or residing in any of the 50 States, the District of Columbia, or any U.S. territory. This makes the discussion about his status and activities irrelevant to the case at hand.

The extensive effort to include these irrelevant aspects suggests either an undue fear or simple laziness in addressing the actual legal issues presented in this case. The inclusion of such unrelated information indicates a strange prejudice and distracts from the substantive legal arguments and facts that should be the focus of these proceedings.

The Plaintiffs respectfully object to the court's emphasis on irrelevant details concerning Mr. Williams. The primary issues in this case revolve around the legal actions and rights of the Plaintiffs, not the extraneous status or activities of Mr. Williams. The Plaintiffs have presented

clear and focused legal arguments that warrant proper consideration without being overshadowed by irrelevant and prejudicial commentary.

Therefore, the Plaintiffs request that the court refrain from including unnecessary and irrelevant discussions in its orders and instead focus on the pertinent legal matters that directly impact the case. The integrity and efficiency of the judicial process depend on addressing the relevant issues without being sidetracked by unrelated and prejudicial information.

**General Objection #9**

The court order outlines sanctions against the Plaintiffs. The Plaintiffs respectfully object to these sanctions, asserting that they are not warranted in this case. The Plaintiffs have exercised their constitutional rights to seek redress and have done so in good faith, adhering to legal principles and procedures.

It is well-established that sanctions cannot be imposed for the exercise of constitutional rights. In ***Sherar v. Cullen*, 481 F.2d 946 (9th Cir. 1973)**, the court held that "there can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights." This principle underscores the importance of protecting individuals from punitive measures simply for asserting their legal rights.

Additionally, the imposition of sanctions must be based on clear and justifiable grounds, supported by the facts and law. The Plaintiffs have acted within the bounds of the law and have presented legitimate legal arguments. The sanctions suggested in the court order appear to be a punitive response to the Plaintiffs' exercise of their rights, rather than a necessary measure to address any misconduct.

Furthermore, the Supreme Court has emphasized the need for fairness and due process in the imposition of sanctions. In ***Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)**, the Court held

that sanctions must be carefully tailored to address specific misconduct and must not overreach. The Plaintiffs in this case have not engaged in any conduct that would justify the harsh penalties suggested by the court.

The Plaintiffs respectfully request that the court reconsider its decision to impose sanctions. The Plaintiffs have acted in good faith, seeking to address their legal grievances through proper channels. Punitive measures against them for exercising their constitutional rights would be unjust and contrary to established legal principles.

Therefore, the Plaintiffs request that the court vacate the sanctions outlined in the order and focus on the substantive legal issues presented in the case. The Plaintiffs' rights to fair treatment and due process must be upheld, free from unjust punitive measures.

## CONCLUSION AND REQUEST FOR RELIEF

In conclusion, Plaintiffs PRESTON BYRON KNAPP and MICHELLE NICHOLE KNAPP respectfully submit that the Court has erred in several key aspects of its Order dated June 4, 2024. The Plaintiffs have provided detailed objections demonstrating the improper labeling, prejudicial assumptions, and misapplications of law that have significantly impacted their case. The Plaintiffs have acted in good faith, exercised their constitutional rights, and adhered to legal principles throughout these proceedings.

Based on the foregoing objections, Plaintiffs respectfully request the following relief from the Court:

1. **Reconsideration of Default Judgment**: The Court should reconsider the denial of the Plaintiffs' motions for default judgment. The Defendants were properly served, failed to respond in a timely manner, and did not demonstrate excusable neglect. The Plaintiffs are

entitled to a default judgment based on the Defendants' clear default and procedural non-compliance.

2. **Recognition of Attorney-in-Fact**: The Court should recognize the validity and binding nature of the attorney-in-fact relationship between Plaintiffs and Mr. Williams, and uphold the contractual obligations and orders made under this legal arrangement.

3. **Removal of Prejudicial Labeling**: The Court should strike all irrelevant and prejudicial references to "sovereign citizen," "redemption," and other unrelated concepts from the order. These references are unfounded and distract from the substantive legal issues presented by the Plaintiffs.

4. **Denial of Sanctions**: The Court should vacate the sanctions imposed on the Plaintiffs. The Plaintiffs have acted within their constitutional rights and have not engaged in any misconduct that would warrant such punitive measures.

5. **Proper Consideration of Fiduciary Duty Breach**: The Court should reconsider its findings regarding the breach of fiduciary duties by the Defendants. The Plaintiffs have provided sufficient evidence of the Defendants' failure to communicate and act in good faith, which has resulted in significant damages.

WHEREBY The Plaintiffs request that the Court provide the relief outlined above and ensure that the proceedings focus on the pertinent legal matters without bias or prejudice. The Plaintiffs' rights to fair treatment, due process, and the proper application of the law must be upheld.

Dated:  June 26th, 2024                                    RESPECTFULLY SUBMITTED,

                                                               BY:      /s/ *Preston Byron Knapp*
                                                                        Preston Byron Knapp
                                                                        Plaintiff, Pro Se
                                                                        Pknapp5@gmail.com
                                                                        (262) 496-8083

                                                                        /s/ *Michelle Nichole Knapp*
                                                                        Michelle Nichole Knapp
                                                                        Plaintiff, Pro Se
                                                                        Michelleknapp@gmail.com
                                                                        (540) 931-5682

## Certificate of Service

Plaintiffs certify that on June 26th, 2024, the foregoing *PLAINTIFFS' OBJECTION TO ORDER (dkt. 59)* was filed with the Clerk of this Court via ECF.  We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

Distribution:

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com