UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Preston Byron Knapp and Michelle Nichole Knapp,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Minnesota, LLC, and Daniel Philip Hollerman,<br><br>Defendants. | Case No. 24-cv-00100 (SRN-DTS)<br><br><br>**ORDER ON JOINT MOTION FOR SANCTIONS** |

Preston Byron Knapp and Michelle Nichole Knapp (pro se), 2624 North Saunders Lake Drive, Minnestrista, MN 55364, for Plaintiffs.

Michael Kernstock and Tessa A. Mansfield, Foley & Mansfield, PLLP, 250 Marquette Ave S, Suite 1200, Minneapolis, MN 55401, for Defendant Compass Minnesota, LLC.

Carl E. Christensen, Robert J. Kouba, and Ryan Supple, Christensen Sampsel PLLC 305 North Fifth Avenue, Suite 375, Minneapolis, MN 55401 for Defendant Daniel Philip Hollerman.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants Compass Minnesota, LLC ("Compass") and Daniel Philip Hollerman's ("Hollerman") (collectively, "Defendants") Joint Motion for Sanctions [Doc. No. 44]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendants' Motion.

**I.      BACKGROUND**

On January 12, 2024, Plaintiffs filed their complaint, pro se, alleging (1) breach of contract and fiduciary duties; (2) a claim for a "civil money penalty" pursuant to the Federal

1

Reserve Act, 12 U.S.C. § 504; (3) a claim that Defendants engaged in "laundering of monetary instruments" under 18 U.S.C § 1956; (4) a claim that Defendants participated in the "transportation of stolen securities under 18 U.S.C. § 2314; and (5) a claim of "securities and commodities fraud" under 18 U.S.C. § 1348. (*Id*. ¶¶ 61-93.)

In lieu of an answer, Defendants filed a motion to dismiss on February 20, 2024, seeking to dismiss the Complaint for insufficient process and service of process under Fed. R. Civ. P. 12(b)(4–5) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [Doc. No. 10.]

On February 22, 2024, Plaintiffs filed a motion to compel communication with Williams as the Knapps' "attorney-in-fact" [Doc. No. 22] and motions for a default judgment against each defendant [Doc. Nos. 27 and 30].

On March 20, 2024, Defendants filed a Joint Motion for Sanctions, seeking sanctions under Fed. R. Civ. P. 11(b), alleging that Plaintiffs' complaint lacked a proper purpose and lacked any legal or factual basis. (Joint Sanctions Mot. [Doc. No. 44] at 1-2.) Defendants seek an order imposing (1) monetary sanctions against Plaintiffs to deter future misconduct and (2) reasonable attorney fees and costs for defending against Plaintiffs' complaint. (*Id.* at 3.)

On May 29, 2024, the Court held a hearing on the parties' motions. On June 4, the Court issued an Order granting Defendants' motion to dismiss with prejudice, and denying Plaintiffs' motions. At that time, the Court did not rule on Defendants' joint motion for sanctions, but ordered Defendants to submit affidavits and supporting evidence of their reasonable attorneys' fees incurred in defending this action.

## II. DISCUSSION

Defendants argue that Plaintiffs' claims are rooted in a conspiracy theory and are therefore "patently frivolous."[1] (Defs' Sanctions Br. [Doc. No. 46] at 1.) They argue that despite appearing *pro se*, Plaintiffs clearly engaged in legal research prior to filing their suit, and should have known that their claims were frivolous because they were rooted in the "redemption" and/or "vapor money" conspiracy theories, long rejected by this and other courts. (*Id.* at 4, 7-12.) Moreover, Defendants argue that Plaintiffs have acknowledged that they cannot assert certain of their claims in good faith under the law, and yet they continue to do so. (*Id.* at 4-5.) Because Plaintiffs knowingly asserted claims unsupported by facts, law, or any argument for the extension or modification of existing law, Defendants argue that sanctions are appropriate to compensate Defendants for the cost of defending this action and to deter Plaintiffs and others from pursuing similar claims in the future. On the issue of attorneys' fees and costs, Defendants argue that their accrued fees and costs are reasonable for the work performed. (Defs' Fees Br. [Doc. No. 63].)

Plaintiffs argue that the imposition of penalties or sanctions for "[the] legitimate exercise of [their] constitutional rights is fundamentally unjust and legally impermissible[.]" (Pls' Fees Brs. [Doc. Nos. 68-69].) They further argue that Defendants have engaged in a "fraud upon the Court" by stating that Michelle Knapp was present for

---

[1] The Court incorporates hereinafter its summary of the facts of this case as discussed in its Order [Doc. No. 59] ("Order on Motions") granting Defendants' Motion to Dismiss and denying Plaintiffs' Motion to Compel Communication with Brandon Joe Williams and Motions for a Default Judgment. *See also Knapp v. Compass Minnesota, LLC*, Case No. 24-cv-00100 (SRN-DTS), 2024 WL 2832502 (D. Minn. June 4, 2024).

a particular meet-and-confer that she was absent from, and that Defendants have engaged in bad-faith conduct. (*Id*. at 5-8.) On the issue of costs, Plaintiffs argue that Defendants' attorneys' fees and costs are excessive and not related to the motions at issue. (Pls' Fees Brs.)

The Court finds that Plaintiffs have engaged in sanctionable conduct, even at this early stage of this litigation. As such, the Court grants Defendants' motion to the extent it seeks attorneys' fees and costs incurred to defend against Plaintiffs' frivolous allegations and arguments. The Court has reviewed Defendants' declarations and supporting documentation for their attorneys' fees and costs, and finds their accrued fees and costs to be reasonable. As such, the Court grants fees and costs in the amount of $36,520.63 to Defendant Compass Minnesota, LLC and in the amount of $27,816.83 to Defendant Daniel Phillip Hollerman

### A. Legal Standard

"Rule 11 sanctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, contains allegations or factual contentions that lack evidentiary support, or contains denials of factual contentions that are not warranted on the evidence." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (internal citations omitted).

"In determining whether [Rule 11] has been violated, a court 'must determine whether a reasonable and competent attorney would believe in the merit of an argument.'" *Welk v. GMAC Mortg.*, 850 F. Supp. 2d 976, 1000 (D. Minn. 2012) (quoting *Coonts v.*

4

*Potts*, 316 F.3d 745, 753 (8th Cir. 2003)). "Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts*, 316 F.3d at 753 (citing *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993)). (citing *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). "When determining whether a Rule 11 violation has occurred, a court 'must apply an 'objective reasonableness' standard[.]'" *Pulaski County Republican Committee v. Pulaski County Bd.*, 956 F .2d 172, 173 (8th Cir. 1992). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, and can be sanctioned. *See Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993).

Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated[.]" Fed. R. Civ. P. 11(c)(4).  Such sanctions may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

The amount of an attorney's fee award must be determined on the facts of each case and is within the district court's discretion.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 437 (1983); *see Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted) ("Attorney's fees are within the broad discretion of the district court . . . ."). The starting point for determining a reasonable attorney's fee is the "lodestar" calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hanig*, 415 F.3d at 825 (citation omitted); *see Hensley*, 461 U.S. at 433.

5

The Supreme Court, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), has identified several factors relevant to the determination of reasonableness (the "*Johnson* factors"):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 429–30 n.3. However, the Supreme Court has observed that most of the *Johnson* factors are subsumed in the initial calculation of the lodestar. *Id.* at 434 n.9.

In determining the lodestar, courts "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* But "[t]he determination of fees 'should not result in a second major litigation.'" *Id.* (quoting *Hensley*, 461 U.S. at 437).

The fee applicant "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. If "the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

### B.  Plaintiffs' Sanctionable Conduct

As an initial matter, Plaintiffs' argument that the Court cannot sanction them is unavailing. The constitutionality of Rule 11 is well-established, and the single case cited

6

by Plaintiffs for this proposition, *Sherar v. Cullen*, 481 F.2d 945 (9th Cir. 1973), instead concerns the exercise of an individual's Fifth Amendment rights.

Plaintiffs have engaged in sanctionable conduct pursuant to Rule 11. Plaintiffs' allegations that Defendants violated their contractual and fiduciary duties by failing to follow orders to exchange "collateral securities" for "Federal Reserve Notes" are definitionally frivolous, as no such "collateral securities" exist, nor could the identified Contracts possibly be exchanged for Federal Reserve Notes. There is no contractual provision requiring Defendants to do so, nor do Defendants' fiduciary duties as real estate brokers require them to engage in unlawful conduct. Similarly, Plaintiffs' claims under the Federal Reserve Act and various criminal statutes are concededly baseless, as no private rights of action exist under these laws and Defendants are not member banks of the Federal Reserve system.

Plaintiffs' arguments against sanctions are unavailing. The fatal flaws of Plaintiffs' complaint are not rooted in disputed facts, but rather law. While the Court is required to accept the facts alleged in Plaintiffs' complaint as true, view those allegations in the light most favorable to Plaintiffs, and read Plaintiffs' *pro se* complaint liberally, the Court is not obligated to accept Plaintiffs' *legal conclusions* as true. Taking Plaintiffs' allegations as true, Plaintiffs have still not identified a contractual or fiduciary duty requiring Defendants to follow their instructions or a legal basis by which their instructions are possible for a law-abiding party to follow. Rather, Plaintiffs' claims are rooted in a conspiracy theory concerning the American system of government, which has been roundly rejected by every federal court to consider it and whose proponents continue to burden the dockets of both

this Court and its sister courts. *See, e.g., Baker v. CitiMortgage, Inc.*, Civil No. 16-1103(DSD/JSM), 2016 WL 4697334 at *2 (D. Minn. Sept. 7, 2016) ("There is no legal authority that supports the 'vapor money' theory."); *see also Harp v. Police*, No. CV 23-2577, 2023 WL 5152625 (E.D. Penn. Aug. 10, 2023) (rejecting the "redemption" theory); *Sanders v. MTC Financial Incorporated*, No. CV-22-00066-TUC-SHR, 2022 WL 2665952 at *4 (D. Az. July 11, 2022) (same); *Robertson v. Wells Fargo Home Mortgage*, No. 10-CV-1110-BR, 2011 WL 1937240 at *7-9 (D. Ore. May 20, 2011) (same); *Bryant v. Washington Mutual Bank*, 524 F.Supp.2d 753, 760 (W.D. Va. 2007) (same).

Plaintiffs' complaint is baseless in its entirety, either in law or a nonfrivolous argument for modifying existing law or for establishing new law. As such, it has no purpose other than to harass or cause needless increase in the cost of litigation for Defendants. Plaintiffs' actions are objectively unreasonable. Sanctions, both in the form of costs and attorney's fees and discrete monetary sanctions, are therefore necessary to deter repetition of the conduct by Plaintiffs or comparable conduct by others similarly situated.[2]

---

[2] Participating in the unlicensed practice of law is also sanctionable in and of itself. *See Clark v. Mortenson*, 93 Fed. Appx. 643 (5th Cir. 2004) (upholding sanctions against plaintiffs who engineered a frivolous lawsuit by recruiting unsuspecting co-plaintiffs and engaging in the unlicensed practice of law through quasi-representation of their co-plaintiffs). This is particularly true where the offending party advocates "universally rejected" legal theories. *See Saladino v. United States*, 63 Fed.Cl. 754, 755 (2005) (sanctioning repeat pro se litigant who advanced cases claiming that wages are not subject to taxation). Parties that submit "ghost-written" pleadings drafted by a non-attorney can also be independently sanctioned. *See Gajewski v. Ocwen Loan Servicing, LLC*, Case No. 14–cv–9230, 2015 WL 3961611 at *2 n.1 (N.D. Ill. June 25, 2015) ("[G]host-written pleadings can result in disciplinary proceedings and sanctions, including ordering the party to disclose the identity of the undisclosed attorney.")

### C. Defendants' Calculation Of Attorneys' Fees And Costs

Based on declarations from Carl Christensen and Michael Kernstock, the chart below reflects the hourly rates for Defendants' legal counsel:

| **Christensen Sampsel PLLC** | | **Foley Mansfield PLLP** | |
|---|---|---|---|
| **Name** | **Hourly Rate** | **Name** | **Hourly Rate** |
| Carl Christensen, Partner | $450 (before 1/1/2024)/$500 (after 1/1/2024) | Michael Kernstock, Attorney | $225 |
| Aaron Sampsel, Partner | $400 | Tessa Mansfield Hirte, Partner | $250 |
| Christopher Wilcox, Associate | $375 | | |
| Robert Kouba, Associate | $300 | | |
| Tobi Ladip, Law Clerk | $95 | | |
| Sydney Maglio, Law Clerk | $85 | | |
| Toni Hoffer, Law Clerk | $95 | | |
| Lisa Robertson, Paralegal | $125 (before 1/1/2024)/$140 (after 1/1/2024) | | |

(Kernstock Decl. [Doc. No. 62] ¶ 7; Christensen Decl. [Doc. No. 64] ¶¶ 30-31.)

Based on the Court's experience and knowledge of Twin Cities market rates for legal services, the Court finds that both Christensen Sampsel PLLC and Foley Mansfield PLLP's hourly rates are reasonable. *Hanig*, 415 F.3d at 825 ("District courts may rely on their own experience and knowledge of prevailing market rates."). While Plaintiffs raise a

9

general objection to Defendants' costs and fees as "excessive and not proportionate to the tasks performed," they raise no specific objections to Defendants' counsels' hourly rates. The Court therefore adopts these rates for the purposes of this motion.

On the Court's review, Defendants' billed work is reasonable given the number of motions filed by Plaintiffs, the novel (and baseless) arguments raised by Plaintiffs, and Plaintiffs' conduct during this litigation, including their demand that Defendants correspond with their "counsel" engaged in the unlicensed practice of law. As such, the Court grants Defendants' motion and awards reasonable attorneys' fees and costs in the amount of $36,520.63 to Defendant Compass Minnesota, LLC and in the amount of $27,816.83 to Defendant Daniel Phillip Hollerman.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Joint Motion for Sanctions [Doc. No. 44] is **GRANTED**;

2. Counsel for Defendant Compass Minnesota, LLC is **AWARDED** $36,520.63 in reasonable attorney's fees and costs;

3. Counsel for Defendant Daniel Phillip Hollerman is **AWARDED** $27,816.83 in reasonable attorney's fees and costs;

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: August 9, 2024                                              s/ *Susan Richard Nelson*
                                                                              SUSAN RICHARD NELSON
                                                                              United States District Judge