# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Cause No: 24-cv-100 SRN/DTS

| | |
|---|---|
| PRESTON BYRON KNAPP; MICHELLE NICHOLE KNAPP. <br><br> *Plaintiffs,* <br><br> vs. <br><br> COMPASS MINNESOTA, LLC; DANIEL PHILIP HOLLERMAN (*official and individual capacities*). <br><br> *Defendants*. | Honorable Judge Susan Richard Nelson <br> Magistrate Judge David T. Shultz |

## PLAINTIFFS' OBJECTION TO ORDER ON JOINT MOTION FOR SANCTIONS

**COME NOW** Plaintiffs, Preston Byron Knapp and Michelle Nichole Knapp, appearing pro se, and respectfully submit this Objection to the Order issued by this Honorable Court on August 9, 2024 (Dkt. 71). Plaintiffs assert that the award of any attorneys' fees and costs is unwarranted and constitutes a direct contravention of the Federal Rules of Civil Procedure, specifically Rule 11(d), which clearly limits the application of sanctions in the context of discovery motions governed by Rule 37.

## 1. Misapplication of Federal Rule of Civil Procedure 11

Defendants' Joint Motion for Sanctions (Dkt. 44) was brought under Rule 11 of the Federal Rules of Civil Procedure. However, Rule 11(d) explicitly states that "This rule does not

apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 **through 37**." (emphasis added). The Court, in its Memorandum Opinion and Order (Dkt. 59, page 20), determined that Plaintiffs' motion to compel communication with a third party should be evaluated under **Fed. R. Civ. P. 37**. This determination renders Rule 11 inapplicable to the Defendants' Motion for Sanctions, making any sanctions awarded under Rule 11 legally unsound.

Courts and litigants must follow these rules in the same manner as they must obey a statute (***Beasley v. United States***, 81 F. Supp. 518 (D.S.C. 1948); ***Barrezueta v. Sword S.S. Line***, 27 F. Supp. 935 (S.D.N.Y. 1939)). The reliance on Rule 11 as a basis for sanctions in a context where it does not apply is a clear misapplication of the law, which should not be upheld.

## 2. Inconsistency and Legal Contradiction in Sanctions Award

The Defendants' Motion for Sanctions is rooted in Rule 37, as acknowledged by the Court. The Court's Memorandum Opinion and Order (Dkt. 59, page 20) explicitly treats the underlying motion as one governed by Rule 37. Despite this, the Court granted sanctions under Rule 11, which is inconsistent with the Federal Rules of Civil Procedure. Such an action directly contradicts the Court's own findings and contravenes the established legal principle that court rules are equivalent to law (***Kuenzel v. Universal Corloading & Distributing Co.***, 29 F. Supp. 407 (E.D. Pa. 1939); ***Kowalewski v. Pennsylvania R. Co.***, 21 F.R.D. 244 (D. Del. 1957)).

## 3. Abuse of Discretion by Acting Outside of the Rules

The Court's decision to impose sanctions under Rule 11, despite its acknowledged inapplicability in this context, constitutes an abuse of discretion. Abuse of discretion occurs

when a court acts in a manner that is arbitrary, capricious, or manifestly unreasonable, particularly when it acts outside the boundaries established by the Federal Rules of Civil Procedure. By applying Rule 11 in a scenario governed by Rule 37, the Court exceeded its discretionary authority and acted contrary to the legal framework it is bound to follow.

Abuse of discretion in this context not only undermines the fairness of the proceedings but also erodes confidence in the judicial process. The decision to grant sanctions under an inapplicable rule must be rectified to prevent a miscarriage of justice.

## 4. Void Judgments Due to Noncompliance with Procedural Rules

A judgment or order issued in contravention of established procedural rules, such as the Federal Rules of Civil Procedure, is void. **Lubben v. Selective Service System Local Bd. No. 27**, 453 F.2d 645 (1st Cir. 1972), and **Long v. Shorebank Development Corp.**, 182 F.3d 548 (7th Cir. 1999), affirm that a void judgment, including judgments entered by a court that lacked jurisdiction or authority, can be attacked at any time.

The improper application of Rule 11 in this context could render the Court's Order void. As **Wahl v. Round Valley Bank**, 38 Ariz. 411, 300 P. 955 (1931), and **Armstrong v. Obucino**, 300 Ill. 140, 143 (1921), suggest, failure to comply with procedural rules that are equivalent to law can result in a void order. Such a judgment has no legal force and can be challenged at any time.

## 5. The Unwarranted Nature of Any Fee Award

The Defendants' Motion for Sanctions, based on Rule 11, is fundamentally flawed because Rule 11 does not apply to discovery-related motions. Any award of fees or costs under Rule 11 in this context is legally impermissible. Plaintiffs have acted in good faith throughout these proceedings, and any such award would be unjust, punitive, and without legal basis.

## CONCLUSION AND REQUEST FOR RELIEF

Based on the foregoing, Plaintiffs respectfully request that the Court:

1. Reconsider and vacate the Order granting Defendants' Joint Motion for Sanctions (Dkt. 71).
2. Deny any award of attorneys' fees and costs under Rule 11, as it is inapplicable to the discovery-related matters in this case.
3. Ensure that the judicial process is not compromised by the misapplication of sanctions in contravention of the Rules.

Dated: August 11th, 2024

RESPECTFULLY SUBMITTED,

BY: /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

# Certificate of Service

Plaintiffs certify that on August 11th, 2024, the foregoing *PLAINTIFFS' OBJECTION TO ORDER (dkt. 71)* was filed with the Clerk of this Court via ECF. We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

## *Distribution:*

Carl E. Christensen
Christensen Sampsel PLLC
305 Fifth Avenue North, Suite 375
Minneapolis, MN 55401
612-473-1200
carl@christensensampsel.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Tessa A. Mansfield
Foley & Mansfield, PLLP
250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401
612-338-8788
tmansfield@foleymansfield.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com