UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Cause No: 24-cv-100 SRN/DTS

| | |
|---|---|
| PRESTON BYRON KNAPP;<br>MICHELLE NICHOLE KNAPP.<br><br>*Plaintiffs,*<br><br>vs.<br><br>COMPASS MINNESOTA, LLC;<br>DANIEL PHILIP HOLLERMAN (*official and individual capacities*).<br><br>*Defendants.* | Honorable Judge Susan Richard Nelson<br>Magistrate Judge David T. Shultz |

**PLAINTIFFS' MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPELLATE DECISION, OR IN THE ALTERNATIVE, REQUEST TO FIX BOND PURSUANT TO RULE 62(b)**

**INTRODUCTION**

Plaintiffs, Preston Byron Knapp and Michelle Nichole Knapp (collectively, "Plaintiffs"), respectfully move this Court, pursuant to **Federal Rule of Civil Procedure 62**, for an order staying the enforcement of the Judgment entered on August 12, 2024, in favor of Defendants Compass Minnesota, LLC, and Daniel Philip Hollerman, pending the resolution of Plaintiffs' appeal to the United States Court of Appeals for the Eighth Circuit.

Plaintiffs have timely filed an appeal challenging the judgment, and Defendants have initiated efforts to enforce the judgment. Plaintiffs seek a stay of these enforcement efforts until such time as the Eighth Circuit rules on the appeal. Alternatively, should the Court decline to

grant a stay, Plaintiffs request that this Court set a bond amount under Rule 62(b), which would stay enforcement upon the posting of the bond.

**GROUNDS FOR STAY OF ENFORCEMENT OF JUDGMENT**

1. **Premature State Court Filing by Defendant:** On September 5, 2024, Defendant Daniel Philip Hollerman, through his attorney Robert J. Kouba, filed an action in Minnesota State Court (Hennepin County, Case No. 27-CV-24-13306), seeking enforcement of the August 12, 2024, federal judgment as a *foreign judgment*. This filing was premature, as it occurred within the **30-day automatic stay period** provided by **Federal Rule of Civil Procedure 62(a)** (*emphasis added*). Under this rule, Defendants **could not lawfully** initiate collection efforts until **September 11, 2024**, the earliest possible date after the expiration of the automatic stay.

The premature filing in State Court was conducted in **bad faith**, disregarding the protections of Rule 62(a). Plaintiffs believe that this action was taken as part of a broader effort to harass and intimidate them, rather than for legitimate legal purposes. This unnecessary and improper action has resulted in increased stress and undue burden on the Plaintiffs.

2. **Bad Faith Conduct**: Defendant Hollerman's continued attempts to enforce the judgment while the automatic stay was still in place, and during the pendency of the appeal, are reflective of **bad faith**. Plaintiffs have filed a timely appeal to the Eighth Circuit, challenging the underlying judgment on multiple grounds, including lack of subject matter jurisdiction. Allowing the premature enforcement of the judgment while it is under appellate review would unjustly prejudice Plaintiffs and could result in irreparable harm if the judgment is later reversed or modified.

3. **Request for Stay Pending Appeal**: Plaintiffs respectfully request that the Court stay all enforcement efforts, including the ongoing State Court proceedings, until the United States Court of Appeals for the Eighth Circuit has issued its ruling on the pending appeal. Such a stay would prevent duplicative or conflicting judgments and would preserve the status quo while the appellate process is allowed to run its course. Plaintiffs submit that granting the stay is in the interest of justice and judicial economy, ensuring that premature enforcement actions are not pursued before the validity of the underlying judgment is fully resolved.

**ALTERNATIVE REQUEST FOR STAY BY BOND PURSUANT TO RULE 62(b)**

In the alternative, should this Court decline to grant a stay of enforcement based on the aforementioned grounds, Plaintiffs respectfully request that the Court fix a bond amount to stay enforcement pursuant to **Federal Rule of Civil Procedure 62(b)**. Rule 62(b) provides:

*"(b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."*

Plaintiffs are prepared to post security in the form of a bond in an amount determined by this Court to be reasonable and sufficient to stay the enforcement of the August 12, 2024, judgment while Plaintiffs' appeal is pending before the Eighth Circuit Court of Appeals. Plaintiffs request that this Court set an appropriate bond amount that balances Defendants' interest in protecting their judgment with Plaintiffs' need to prevent undue financial hardship during the appellate process.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court:

1. Grant a stay of enforcement of the August 12, 2024, judgment, including all ongoing State Court enforcement actions, until the Eighth Circuit Court of Appeals renders its decision on Plaintiffs' appeal; or,

2. In the alternative, fix a reasonable bond amount under **Federal Rule of Civil Procedure 62(b)** to stay enforcement of the judgment pending appeal, upon the posting of such bond by Plaintiffs.

Dated:  October 21st, 2024                                  RESPECTFULLY SUBMITTED,

                                                            BY:    /s/ *Preston Byron Knapp*
                                                                   Preston Byron Knapp
                                                                   Plaintiff, Pro Se
                                                                   Pknapp5@gmail.com
                                                                   (262) 496-8083

                                                                   /s/ *Michelle Nichole Knapp*
                                                                   Michelle Nichole Knapp
                                                                   Plaintiff, Pro Se
                                                                   Michelleknapp@gmail.com
                                                                   (540) 931-5682


## Certificate of Service

Plaintiffs certify that on October 21st, 2024, the foregoing *Motion to Stay Enforcement* was filed with the Clerk of this Court via ECF.  We further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

*Distribution:*

Carl E. Christensen                           Tessa A. Mansfield
Christensen Sampsel PLLC                      Foley & Mansfield, PLLP
305 Fifth Avenue North, Suite 375             250 Marquette Avenue, ste. 1200
Minneapolis, MN 55401                         Minneapolis, MN 55401
612-473-1200                                  612-338-8788
carl@christensensampsel.com                   tmansfield@foleymansfield.com

Robert J. Kouba
Christensen Law Office PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-4016
robert@clawoffice.com

Ryan Supple
Christensen Sampsel PLLC
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
612-823-0188
ryan@christensampsel.com

Michael Kernstock
Foley Mansfield
250 Marquette Ave S, ste. 1200
Minneapolis, MN 55401
612-216-0224
mkernstock@foleymansfield.com