UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Preston Byron Knapp and
Michelle Nichole Knapp,

      Plaintiffs,

v.

Compass Minnesota, LLC and
Daniel Phillip Hollerman,

      Defendants.

Case No.: 0:24-CV-00100-SRN-DTS

**ORDER**

---

Preston Byron Knapp and Michelle Nichole Knapp, 2624 N. Saunders Lake Dr., Minnetrista, MN 55364, Pro Se Plaintiffs

Michael Kernstock, Paul Magyar, and Tessa Mansfield, Foley & Mansfield, PLLP, 250 Marquette Ave., Ste. 540, Minneapolis, MN 55401, for Defendant Compass Minnesota, LLC

Carl Christensen, Robert Kouba, and Ryan Supple, Christensen Sampsel, PLLC, 305 N. 5th Ave., Ste. 375, Minneapolis, MN 55401, for Defendant Daniel Phillip Hollerman

---

SUSAN RICHARD NELSON, United States District Judge

      The above-entitled matter came before the Court on the "Motion to Stay Enforcement of Judgment Pending Appellate Decision, or in the Alternative, Request to Fix Bond Pursuant to Rule 62(b)" [Doc. No. 81] filed by Plaintiffs Preston Byron Knapp and Michelle Nichole Knapp.  For the reasons set forth below, the Court denies the motion in part, to the extent Plaintiffs seek a stay without posting a supersedeas bond, and grants the motion in part, on the condition that Plaintiffs post a supersedeas bond in compliance

with this Order.

I.     BACKGROUND

In this breach of contract action, the Court granted Defendants' Motion to Dismiss the Complaint on June 4, 2024. (Order Dismissing Case [Doc. No. 59].) The Clerk of Court entered judgment in Defendants' favor on June 5, 2024. (Judgment [Doc. No. 61].)

Subsequently, on August 9, 2024, in response to Defendants' Joint Motion for Sanctions, the Court ruled that Defendants were entitled to sanctions pursuant to Fed. R. Civ. P. 11 because Plaintiffs' complaint was baseless in its entirety. (Aug. 9, 2024 Order [Doc. No. 71] at 8.) Accordingly, the Court awarded costs and attorney's fees and discrete monetary sanctions to Defendant Compass Minnesota, LLC ("Compass") in the amount of $36,520.63, and to Defendant Daniel Phillip Hollerman in the amount of $27,816.83. (*Id*. at 10.) The Clerk of Court entered a cost judgment in Defendants' favor in these amounts on August 12, 2024. (Cost Judgment [Doc. No. 73].) On August 24, 2024, Plaintiffs filed a notice of appeal [Doc. Nos. 74, 77] with the Eighth Circuit Court of Appeals.

Plaintiffs then filed the instant motion, seeking an order staying execution of the cost judgment pending resolution of their appeal. (Pls.' Mot. to Stay at 1.) In the alternative, they request a stay by posting a bond "in an amount determined by the Court to be reasonable and sufficient" while their appeal is pending. (*Id*. at 3.)

In response, Compass does not oppose granting a stay pending appeal provided that: (1) Plaintiffs are required to file a bond issued by a surety corporation authorized by the U.S. Department of Treasury to provide surety bonds pursuant to 31 U.S.C. § 9305; (2) the form of the bond is approved by the Court; and (3) the bond is in an amount that the Court

deems sufficient to secure payment of the entire judgment, including accruing interest, costs, and damages for delay. (Def. Compass' Resp. [Doc. No. 85] at 1–2.) Absent the posting of such a bond, Compass opposes Plaintiffs' Motion for a Stay. (*Id*. at 2.) Defendant Hollerman opposes Plaintiffs' Motion for a Stay, and, in particular, opposes a stay without the posting of a bond. (Def. Hollerman's Resp. [Doc. No. 86] at 7.) However, if the Court permits a stay, Mr. Hollerman requests that the stay be conditional on Plaintiffs posting bond in the full amount of the monetary judgment,[1] along with an additional amount sufficient to cover interest, costs, and damages for delay. (*Id*.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 62(b) provides for a stay of a judgment pending appeal if the party seeking the stay posts "a bond or other security." Fed. R. Civ. P. 2(b). The stay goes into effect when the bond is approved by the Court and remains in effect for the time specified in the bond. *Id.* "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Adzick v. Unum Life Ins. Co. of Am*., No. 99-cv-808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003). Under certain circumstances, the Court may waive the bond requirement. *New Access Commc'ns LLC v. Qwest Corp*., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005). The Court finds that a stay of enforcement of the cost judgment during the pendency of Plaintiffs' appeal is appropriate here, but will not waive

---

[1] In Mr. Hollerman's Response, he states that the full amount of the judgment is $67,337.46. (Def. Hollerman's Resp. at 7–8; *see also* Def. Hollerman's Proposed Order [Doc. No. 88] at 1.) The Court believes this is a typographical error and the correct amount is $64,337.46. (*See* Cost Judgment at 1.)

3

the bond requirement. Plaintiffs have not made a sufficient showing that the Court should depart from the general rule. Accordingly, Plaintiffs' Motion for a Stay is denied in part as to their request for a stay without the requirement of posting a bond.

As noted earlier, Defendants request that the amount of the bond include amounts for interest, costs, damages, and delay, in addition to the amount of the cost judgment. (Def. Compass' Resp. at 2; Def. Hollerman's Resp. at 7–8.) A bond may include such additional amounts. *See, e.g.*, *Willis Elec. Co., Ltd. v. Polygrp. Ltd.*, No. 15-cv-3443 (JNE/DTS), 2024 WL 1653709, at *2 (D. Minn. Apr. 17, 2024) (requiring posting of a supersedeas bond during the appeal process in the full amount of judgment, $71,478,449.76, "plus 10% for post-judgment interest, costs, and damages for delay."). However, here, the Court declines to require Plaintiffs to post a bond above the total amount of judgment, as the Court lacks an adequate basis to determine an appropriate amount of interest, costs, and damages for delay. *Godfrey v. State Farm Fire & Cas. Co.*, No. 18-cv-524 (JNE/TNL), 2020 WL 13589911, at *2 n.2 (D. Minn. Mar. 17, 2020) (denying request to require that bond include such additional amounts where the court lacked sufficient basis to determine additional amounts). Accordingly, Plaintiffs' Motion is granted in part, as to its alternative basis for relief.

### III.   CONCLUSION

Based upon the files, records, and proceedings herein, as well as written arguments of counsel, the Court orders the following:

1. Plaintiffs' Motion to Stay [Doc. No. 81] is hereby **DENIED in part**, to the extent

4

Plaintiffs seek a stay without submitting a bond; and **GRANTED in part**, to the extent they seek a stay pursuant to posting a supersedeas bond under Fed. R. Civ. P. 62(b), subject to the conditions described in this Order.

2. Within 30 days, Plaintiffs Preston Byron Knapp and Michelle Nichole Knapp may submit a supersedeas cash bond issued by a surety corporation authorized by the U.S. Department of Treasury to provide surety bonds pursuant to 31 U.S.C. § 9305, in the form of a cashier's check payable to the Clerk of Court, U.S. Court for the District of Minnesota, in the total amount of the cost judgment, $64,337.46.

3. The parties are directed to contact the Court once Plaintiffs have submitted the supersedeas cash bond in the form of a cashier's check. Defendants shall further inform the Court if the bond is not in compliance with this Order.

4. Upon Plaintiffs' submission of a cashier's check in conformance with this Order, execution of the Court's Cost Judgment [Doc. No. 73] as to Defendants Compass Minnesota, LLC, and Daniel Phillip Hollerman, and proceedings to enforce it shall be **STAYED** for the duration of the Plaintiffs' appeal.

BY THE COURT

Dated: Nov. 6, 2024

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge